## FRANK KROM v. FRIEND, CROSBY & COMPANY.
## ROY STEBBINS v. SAME.[1]

November 9, 1934.

Nos. 29,654, 29,655.

See 191 Minn. 561, 254 N. W. 818.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *George W. Jansen,* for plaintiff-appellants.

*E. E. Eder,* for defendant-respondent.

*PER CURIAM.*

On defendant's objection the trial court refused to settle and allow a proposed case because the stay had expired. Plaintiffs applied to this court for an alternative writ of *mandamus* directing the trial court to settle and allow the proposed case or show cause why it should not be done. At the hearing both plaintiffs and defendant appeared by their respective attorneys, filed briefs and argued the matter orally, and on May 11, 1934, this court filed its decision and issued a peremptory writ of *mandamus* directing the

[1]Reported in 257 N. W. 812.

trial court to settle and allow a record of the testimony and the proceedings of the trial. Stebbins v. Friend, Crosby & Co. 191 Minn. 561, 254. N. W. 818. The trial court did on May 14, 1934, settle and allow the proposed case. Plaintiffs printed the record and printed and served their brief. No application for a rehearing or modification of the judgment in the *mandamus* proceeding was made; but after the expiration of more than four months, on September 27, 1934, defendant gave notice of a motion, to be heard at the same time as the plaintiffs' appeal herein, to strike the settled case on the ground that it was not properly settled on notice to defendant.

Defendant relies on Daniels v. Winslow, 2 Minn. 93 (113) ; Dayton v. Craik, 26 Minn. 133, 1 N. W. 813. But we do not think those decisions can be applied to this case where this court, after due hearing, granted a peremptory writ. Both parties for months accepted that decision as final. We think defendant is now too late to challenge the settled case. Its remedy was in the *mandamus* proceeding for a modification of the decision or of the writ issued therein, to be made within the time allowed petitions for a rehearing.

Defendant, through misplaced faith in the success of the motion to strike the settled case, omitted to prepare and serve a brief on the merits of plaintiffs' appeal from the order herein and did not orally argue the same; we therefore give defendant 20 days from notice of this order to serve and file its brief as respondent in plaintiffs' appeal.

The motion to strike the settled case is denied.