VAN BRUNT & WILKINS MANUFACTURING Co. *vs.* A. G. KINNEY.

Submitted on brief by appellant, argued by respondent, Oct. 31, 1892. Decided Nov. 21, 1892.

**Case, how Settled after Motion for a New Trial.**

When a motion is made to set aside a verdict and for a new trial, upon the minutes of the court, as provided for by 1878 G. S. ch. 66, § 254, the case or bill of exceptions, in the event of an appeal from the decision of the court, must be proposed and settled within the time and in the manner prescribed in section 255 of the same chapter.

**Same—Not Settled after Default until Default Relieved.**

Without having previously relieved a party in default in the service of a proposed case or bill of exceptions, a trial court cannot entertain and pass upon a motion to settle and allow such case or bill after the statutory period of time has expired.

Appeal by plaintiff, the Van Brunt & Wilkins Manufacturing Company, from a judgment of the District Court of Otter Tail County,

*Baxter,* J., entered April 16, 1892, against it for $152.91 on defendant's counterclaim.

The issues were tried November 11, 1891. There was a verdict for defendant for $331.47. The plaintiff on December 29, 1891, moved on the minutes of the court, for a new trial. The court on February 6, 1892, granted the motion unless defendant should, within twenty days, remit all over $152.91. The defendant so remitted on February 10, 1892. Defendant taxed his costs and entered judgment April 16, 1892. Plaintiff served notice and perfected an appeal to this court on May 27, 1892. Plaintiff's attorneys on August 10, 1892, served a copy of a proposed case upon the attorneys for the defendant, who on the same day returned it, with notice that it was refused for the reason that it was not served in time. On August 11, 1892, plaintiff's attorneys served notice that on August 19, 1892, they would apply to the court to settle and sign the proposed case and for an order incorporating it in the record. The trial court entertained the motion, and on August 27, 1892, settled, allowed and signed the case and ordered it filed in the action. In this court the defendant moved that the case as settled be stricken out of the return.

*Edward Engerud* and *W. P. Bayley,* for appellant.

*E. E. Corliss,* for respondent.

COLLINS, J. The defendant's (respondent's) motion to strike the "settled case" from the record herein must be granted. November 10, 1890, a verdict was rendered in his favor for about $300. Plaintiff's counsel then moved on the minutes of the court to set aside the verdict, and for a new trial. February 6, 1891, this motion was denied, provided defendant should within twenty days file written consent to a reduction of the verdict in a stated amount. This written consent was filed four days later, and no appeal was taken from the order. April 16th judgment was entered upon the verdict as reduced, and May 7th the appeal now under consideration was taken from said judgment. August 10th, four months after the entry of judgment, six months after the order was made denying a new trial, and nine months after the rendition of the verdict,

plaintiff served a proposed case on defendant, which was promptly returned, for the stated reason that it had not been proposed and served within the time prescribed by statute.    August 19th, the day for which notice of the settlement of the case by the court had been given, defendant's counsel appeared specially, and strenuously objected to any action, on the ground that the time within which a proposed case could be served or settled had long before expired.

The trial court, evidently with great hesitation, thereupon settled and allowed the case as proposed by plaintiff's attorneys, and it is this act which has been brought in question by the motion to strike the case from the record here.

A motion for a new trial upon the minutes of the court is authorized by 1878 G. S. ch. 66, § 254, and the court below seemed to be of the opinion, because the statute provides that "when such motion is heard and decided upon the minutes of the court and an appeal is taken from the decision, a case or exceptions must be settled in the usual form," that the same were properly to be settled at the time of the appeal, and not in accordance with the terms of section 255, wherein is found—and nowhere else do we find—the manner of procedure on this subject definitely prescribed and fixed.    If the word "when," as found at the beginning of the above excerpt, relates to the time of the settlement of a case or bill of exceptions, as was held below, it would leave us in a quandary as to whether it had reference to the time the decision was made or to a subsequent time when the appeal was taken.    At which time must the case or bill be proposed and settled?    Evidently the word "when" relates to the fact of the motion and its determination, and has the meaning the word "provided" or the words "in case" would have had, if used in the same connection.    We believe this to be the view of the profession on the question, as indicated by their course of practice in like cases, and we can see no reason for distinguishing between motions made as this was, and those made in the regular way, when a settlement of a case or bill of exceptions is desired.    A stay of proceedings, with an extension of time within which to propose and settle a case, can be obtained in one case as well as the other.    If the practice contended for by plaintiff could be tolerated, the provisions of section

255, in respect to the periods of time within which the various steps have to be taken, would have to be observed in all respects, save the period after the trial within which the proposed case must be prepared and served, and that would be regulated by the time of the taking of the appeal, which might be six months after the entry of judgment, and an indefinite period of time after the trial of the case. From the terms of section 255, the purpose of the lawmakers to have the case or exceptions settled and allowed, when the details of the trial are fresh in the minds of the trial judge and the counsel, is apparent, and it is needless for us to enlarge upon the importance and desirability of speedy action under such circumstances. The provisions of section 255 are adequate, and must control in all respects when a case or bill of exceptions is to be proposed, settled, and allowed. But it is urged that the fact that the court below entertained the plaintiff's motion to settle and allow the case is conclusive evidence that the court exercised its discretion, and granted further time within which plaintiff could act. This view is not tenable, nor did the court below place its decision on that ground.

If, in effect, a stay of proceedings for the purpose of making a case could thus be secured, the party upon whom a proposed case was served, after the expiration of the twenty days prescribed by statute, would be placed at the mercy of the court and his opponent.

If he retained the proposed case or bill, it would be insisted that he had waived his right to object to a determination of a motion to settle and allow. If he submitted amendments, this position could be maintained with greater certainty of success; and if he returned the papers, as was done in this instance, he would be deprived of an opportunity to submit amendments, and, possibly, of taking any part in the settlement. No litigant can be placed in this predicament. Again, the district judge, when acting upon plaintiff's motion to settle and allow the proposed case, held that said plaintiff was entitled to the same as a matter of right.

With the settled case stricken from the record, none of appellant's assignments of error can be considered.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 643.)