STATE ex rel. HELEN T. LEONARD v. D. B. SEARLE.[1]

December 3, 1900.

Nos. 12,471—(241).

**Appeal—Settlement of "Case."**

In an application for the allowance of a proposed case containing the evidence and rulings at the trial for review, *held:*

**Stay of Proceedings.**

1. That, upon the decision of any cause, the court may grant a reasonable stay of proceedings which will enlarge the ordinary statutory stay, and is not controlled by the literal terms of G. S. 1894, § 5227, in that respect.

**Service of "Case" during Stay.**

2. That at any time during the continuance of such stay it shall be sufficient for the party desiring to propose a case or bill of exceptions for allowance by the court to serve the same upon the opposing party.

**Effect of Failure to Serve Amendments.**

3. That, when such case is proposed for settlement and signature of the judge, the neglect of the opposing party to serve amendments is an abandonment of his right to do so, which does not extend or enlarge the time in which to bring on the hearing for such allowance, and the party proposing the case has, as a matter of right, only fifteen days thereafter to have the same heard and passed upon by the trial court.

Order issued by the supreme court requiring respondent, as judge of the district court for the Seventh judicial district, to show cause why a peremptory writ of mandamus should not issue, requiring him to settle and allow a case. Writ denied.

*Edwin S. Slater,* for relator.

LOVELY, J.

The mandate of this court is sought to compel the judge of the Seventh judicial district to settle and allow a proposed case in an action which had been previously tried before that court.

The trial court refused to allow and settle the case upon the ground that the same was not presented in proper time, which re-

[1] Reported in 84 N. W. 324.

quest was refused as a matter of strict legal right. The decision of the trial court was dated June 27 of the present year, and was filed two days thereafter. In addition to such decision, the following order was entered: "Stay of proceedings herein is hereby granted until September 1, 1900." On the 29th day of August following counsel for defendants prepared and served upon plaintiff, who was counsel in the action, a proposed case for allowance and settlement by the court, purporting to contain all the evidence therein. Plaintiff returned the same upon the ground that such case had not been served in time, and thereafter proposed no amendments nor took further proceedings with reference to its settlement until the hearing. Counsel for defendants waited until the 21st day of September following, when he served upon the plaintiff a notice that at a special term of the district court to be held at the court house in the city of St. Cloud, Minnesota, on Saturday, September 29, 1900, application would be made for an order settling and allowing the proposed case. At the time and place designated in the notice the court denied defendants' application, and they now petition this court for a peremptory writ of mandamus to require the trial judge to allow and sign the same notwithstanding such refusal.

Questions of considerable importance in practice are suggested by this application, and we have given the subjects presented careful consideration in view thereof. It is provided in G. S. 1894, § 5227, that

"Orders made out of court, and without notice, may be made by any judge of a district court, at any place in the state; but no order to stay proceedings for a longer time than twenty days shall be made, except upon notice to the adverse party."

If this section is literally interpreted, it would follow that the order extending the stay to September 1 was invalid; but we are not prepared to hold, in view of the uniform practice of the trial bench of this state, as well as upon a fair consideration of the purpose sought by the statute, that such provision applies to this case. We think it must be assumed that the decision was made in court without objection from either party, and that the requirement under the above provision of the statute refers only to an ex parte application

made to the court at chambers in cases where the stay is not made and entered as a part of the final decision therein.

We are also of the opinion that the stay ordered in this case enlarged the time provided for under the terms of G. S. 1894, § 5400, for preparing and serving the proposed case (G. S. 1894, § 5219), and that the defendants had the whole time so granted by the court to examine the records, and prepare and serve the same, and it follows that the proposed case was served in time (see Cook v. Finch, 19 Minn. 350 [407]); but we are also of the opinion that it must be held, under the provisions of section 5400, supra, where a case or bill of exceptions is proposed and served upon the adverse party, that the further provisions of this section must be complied with, and that the person upon whom such service is made must,

"Within ten days after such service, propose amendments thereto; and within fifteen days after service of such amendments, the same, with the amendments proposed thereto, shall be presented to the judge or referee who tried the cause, for allowance or settlement and signature, upon a notice of five days; if not presented within the time aforesaid, or such further time as may be stipulated or granted, the same shall be deemed abandoned."

The interpretation of this statute is not helped by any authority that we have been referred to under statutes of other states, so that we must consider it according to its terms alone, and it appears to us, in passing upon the action of the trial judge of which petitioner complains, that, as a matter of strict legal right, he was not required to enlarge the time to allow and settle the case beyond the period provided therein, viz., twenty-five days from its timely service upon plaintiff. After the ten days for amendments had expired, the failure of the plaintiff to offer such amendments must be deemed an abandonment of an intention on his part to do so (see Cook v. Finch, supra); and it follows that there could be only fifteen days after such waiver of amendments within which the defendants could have brought on the hearing for settlement before the court. Since this period was not enlarged by stipulation, agreement, or any order of the court, defendants were bound thereby; and their delay in noticing the hearing for a date four days after the fifteen days' expira-

tion, upon the plaintiff's declination to file amendments, legally justified the court in refusing the same as a matter of strict right.

It appears in the return of the district judge that all the material evidence was not included in the proposed case. We do not consider the effect of this omission further than to say that it presents another question than any here considered, and applies to the exercise of a sound discretion by the trial judge, who might well exercise the same, under proper considerations, in behalf of a party who, in good faith and within reasonable time, seeks a review of the evidence and rulings of the court at the trial.

For the reasons stated, the writ is denied.