STATE ex rel. MARCELLUS L. COUNTRYMAN v. WILLIAM LOUIS KELLY.[1]

April 14, 1905.

Nos. 14,287—(13).

**Appeal—Bill of Exceptions.**

Where, in actions tried before the court without a jury, a "case" or bill of exceptions may, by statute or rule of court, be proposed within a certain time after notice of the filing of the decision of the court, the time within which to propose such "case" or bill of exceptions does not commence to run until service of the notice.

**Stipulation of Parties.**

But where, after the decision has been filed, the parties take notice thereof, and enter into a stipulation fixing a time for the settlement of

[1] Reported in 103 N. W. 15.

the case, service of notice of filing the decision is waived, and the parties are governed by the terms of the stipulation. In cases where a stipulation is entered into, the statute or rule of court does not apply.

Alternative writ of mandamus issued from the supreme court upon relation of Marcellus L. Countryman, directed to Hon. William Louis Kelly, one of the judges of the district court for Ramsey county. Writ discharged.

*Edward B. Graves,* for relator.

*William G. White,* for respondent.

BROWN, J.

Alternative writ of mandamus requiring the Honorable William L. Kelly, one of the judges of the district court of Ramsey county, to show cause why he should not allow and settle a "case" in an action tried before him.

The facts are as follows: The case of Kampfer v. East Side Syndicate, a corporation, and M. L. Countryman, as receiver thereof, was duly tried before respondent without a jury, and he filed his decision therein on March 2, 1904. Judgment was duly entered pursuant to the findings on May 11, 1904, and defendant appealed therefrom on November 11, 1904. On February 10, 1905, defendant served a proposed "case" upon plaintiff's attorney, which was immediately returned as having been served too late. Application was then made to the trial court for leave to serve the proposed "case," which application was denied; whereupon defendant sued out this writ to compel the trial judge to settle and allow the "case." No notice of filing the decision in the action referred to was ever served upon defendant's attorney, and the right to have the case settled and allowed at this late date is predicated upon rule 47 of the district court rules of practice, which provides that in trials before the court the time for serving a "case" or bill of exceptions shall be computed from the date of service of notice of filing the decision. It is contended that, as no notice of the filing of the decision in the action referred to was ever served upon defendant, the time to settle the "case" had not expired when application was made to the trial judge.

The learned court below denied the application, mainly upon the ground that the rule of court referred to is in conflict with G. S. 1894,

§ 5400, and therefore inoperative. Whether this view is sound, we need not determine, though we may suggest that, so long as the rule remains unrepealed and in force, attorneys acting upon it in good faith should not be turned out of court on the theory that it is invalid. However, the writ must be discharged on another ground.

It appears from the record before us that at about the time the decision of Judge Kelly was filed the attorneys of the respective parties entered into a stipulation giving defendant thirty days within which to serve a proposed case; that the time was subsequently extended for the further period of thirty days, and no "case" was proposed until nearly nine months after the time so agreed upon had expired. Though a party is not required to take proceedings in an action for the purpose of settling a "case" or bill of exceptions, under the rule of court above referred to, treating it as valid, until notice of filing of the decision is served upon him, it seems clear that he may waive such notice, and does so when he enters into a stipulation agreeing upon a time for that purpose. People v. Circuit Judge, 39 Mich. 123. It is held in this case that by entering into the stipulation defendants waived the notice provided for by the rule of court, and their right to propose a "case," as a strict legal right, expired at the time fixed by the stipulation, about May 2, 1904. The "case" could only be settled thereafter by an application addressed to the discretion of the court. State v. Searle, 81 Minn. 467, 84 N. W. 324. This application was not so addressed, but, on the contrary, was based upon the asserted legal right of defendant to propose and have settled a "case" at the time application was made to the court below.

Writ discharged.