FRED L. STEVENS v. JOHN E. FRITZEN.[1]

October 8, December 14, 1917.

No. 20,672.

**Appeal and error — striking out settled case — termination of stay.**

Under G. S. 1913, § 7832, the court has power to extend the time limited for proposing and settling a case and to grant leave to propose a case after the time limited has expired. That attorneys attempted to serve the proposed case after the time limited had expired and before they obtained leave to do so is not controlling. Motion to strike the settled case from the record denied. [Reporter.]

Action in the district court for St. Louis county to recover $148 upon a promissory note. The answer alleged that defendant conducted a small grocery store and the agent of Donald-Richard Company represented to him it wished to place and display in his store a case of perfumes and toilet articles; that all the statements of the agent in regard to the printed paper which defendant was asked to sign were false and were made for the purpose of inducing him to sign it; that the goods subsequently delivered were not according to the sample exhibited but were in fact worthless trash. On information and belief defendant alleged the promissory note was part of the paper signed by him and that subsequently it was cut or detached from the contract in such way as to leave no part of the contract but the naked allegations of the note; that he returned to Donald-Richard Company all of the merchandise except a few bottles which defendant had already sold to customers for $7.75. The answer also alleged that plaintiff took the note with knowledge of all the facts set up in the answer and for the purpose of depriving defendant of his defense against the payment of the note. The case was tried before Ensign, J., who at the close of the testimony granted plaintiff's motion for a directed verdict. Defendant's motion for judgment nothwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed and new trial ordered.

*Courtney & Courtney*, for appellant.

*Stearns & Hunter*, for respondent.

The following opinion was filed on October 8, 1917:

[1] Reported in 164 N. W. 365, 165 N. W. 1073.

PER CURIAM.

Motion to strike the settled case from the record. The facts are as follows:

There was a directed verdict for plaintiff. A motion for a new trial was denied March 1, 1917, and the order served on defendant's attorneys on the same day. March 9 it was stipulated that proceedings be stayed until March 23. Judgment was entered on March 24. July 25 defendant moved for a rehearing of the motion for a new trial, and asked an order reinstating and extending the stay. This motion was heard on the afternoon of July 30 and denied. On the morning of that day defendant's attorneys served on the attorneys for plaintiff a proposed case, but admission of service was refused because the time had expired. On August 13 defendant procured and served on plaintiff's attorneys an order to show cause why the time within which defendant might propose and settle a case should not be extended, and why the case theretofore presented should not be settled. There was a hearing on this order to show cause on August 15, and on the same day the court made an order granting the relief asked.

Plaintiff's attorneys claim that because defendant failed to ask leave to serve a proposed case before he attempted to make the service, the court had no power to make the order of August 15, extending the time and settling the case theretofore proposed. They cite Van Brunt & W. Mnfg. Co. v. Kinney, 51 Minn. 337, 53 N. W. 643. There can be no doubt that the court had the power under G. S. 1913, § 7832, to extend the time limited for proposing and settling a case, and to grant leave to propose a case after the time limited had expired. We do not see that the order made was anything more than an exercise of the statutory power thus granted. It is not controlling that the proposed case was actually served before leave to do so had been obtained.

It is not argued that there was any abuse of discretion, and we see none.

The motion is denied.

The following opinion was filed on December 14, 1917:

PER CURIAM.

The identical contract involved in this action, except as to one of the parties, and the methods by which it was procured, were before us in the case of Stevens v. Pearson, 138 Minn. 72, 163 N. W. 769. We there held that the evidence justified the jury in finding that the contract was procured by fraud, that plaintiff was not a bona fide holder, and that defendant was not negligent in signing the same. The facts in this case, as disclosed by the evidence, cannot be differentiated in point of substance from those there before the court, and we follow and apply that decision. It was error therefore to direct a verdict for plaintiff; the questions involved should have been submitted to the jury.

Judgment reversed and new trial ordered.