ROY STEBBINS v. FRIEND, CROSBY & COMPANY.
FRANK KROM v. SAME DEFENDANT.[1]

May 11, 1934.

No. 29,923.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *George W. Jansen,* for relators.

*E. E. Eder,* for respondent.

*JULIUS J. OLSON, Justice.*

Original proceeding in *mandamus,* the relief wanted being one to direct a settlement of the case.

The two cases captioned above were tried together before a jury and resulted in a verdict, on January 21, 1933, for each plaintiff

[1]Reported in 254 N. W. 818.

as follows: For Stebbins, $20,169.21; for Krom, $10,423.53. On defendant's motion in that behalf the trial court ordered judgment for defendant notwithstanding the verdict on May 15, 1933, and granted a stay of 40 days. On May 18, 1933, the defendant served notice on each plaintiff of the making and filing of the order just referred to. Immediately upon receipt of notice of the making of the order aforesaid plaintiffs' counsel ordered a transcript of the testimony from the court reporter. On June 12, 1933, each of said actions was duly appealed to this court, the appeal being from the order of May 15. On June 28, 1933, the defendant was served with a copy of the reporter's transcript of the evidence with a notice of motion returnable on July 26, 1933 (that being the next term day of the court) for an order granting leave to propose the transcript as and for the settled case and further that each plaintiff "will thereupon move the above named court for an order settling and allowing" the transcript aforesaid as and for the settled case. The motion was supported by an affidavit made by one of the attorneys for the plaintiffs. The affidavit recites that immediately after having been advised of the making of the order of May 15 he communicated with the reporter who had taken the testimony and requested from her an immediate preparation of a typewritten transcript of the evidence taken at the trial. He further states that on or about June 15 he received the transcript from the reporter and that he completed his examination of the transcript about June 24. On June 29 the defendant's attorney returned to plaintiffs' attorneys the copy of the transcript so served, including notice of motion and affidavit, and with it a notice to the effect that the return and refusal to accept service of the transcript was made for the reason that "defendant intends to resist the motion made by plaintiffs" and that "until after the court shall have had an opportunity to be advised and pass upon the merits of such an application by plaintiffs, the defendant desires and does hereby elect to preserve all of its right to object to any application by plaintiffs for an order settling and allowing said record of testimony * * * as and for the settled case herein." On July 11, 1933, plaintiffs' attorneys served another and further notice of motion upon counsel for defendant, substantially the same as the former except as follows:

"Plaintiff will move said court for an order granting said plaintiff leave to propose a settled case and serve the same on the above named defendant and fixing the time within which said service shall be made; granting to defendant ten days after the service of said settled case, exclusive of the day of such service, within which to propose and serve amendments thereto upon said plaintiff; and granting to said plaintiff fifteen days after the service of said amendments, or if there be no proposed amendments, fifteen days after the expiration of said ten days within which said defendant may propose amendments, within which to present said proposed settled case, and amendments, if any, to said court for allowance and settlement, upon a notice of five days to said defendant."

The motion was based upon the files, records, and proceedings and upon an affidavit made by the same attorney for the plaintiffs, substantially in the form of the former affidavit but more complete.

On July 26, 1933, the court heard the motions hereinbefore last mentioned and on August 19, 1933, made an order denying each thereof. On October 20, 1933, the court made and filed a further order as follows:

"The order of the court heretofore made and filed herein on August 19, 1933, is hereby amended to read as follows:

"The above entitled matter came on for hearing before this court on the 26th day of July, 1933, on separate notices of motion of plaintiff served upon the defendant on June 28th, 1933, and July 12th, 1933, respectively, each of which said motions were returnable on July 26th, 1933, and pertained to requested orders for settlement and allowance of a proposed case herein; Messrs. Oppenheimer, Dickson, Hodgson, Brown & Donnelly appeared as attorneys for plaintiff; and E. E. Eder, Esq., appeared as attorney for defendant; and said matters having been fully argued and briefs thereon submitted to the court by respective counsel, and the court having duly considered the same, it is

"Ordered that each of said above described motions of plaintiff be and the same hereby is, in all things denied."

The memorandum states:

"The foregoing amended order is made and filed herein in order that it may more clearly appear that all of said matters as heard before this court on July 26, 1933, are embraced by said order."

In November plaintiffs applied to this court for a writ of *certiorari* to review the order of the trial court refusing to settle the case. This was denied December 14. The next is a petition for an alternative writ of *mandamus,* which sets forth the facts substantially as hereinbefore outlined. This petition was filed January 5, 1934, and on the same day this court issued its alternative writ of *mandamus* requiring respondent "immediately upon receipt of this writ to settle and allow the record of the testimony of proceedings had upon the trial of said actions as and for a settled case therein or to show cause why you have not done so before this court" on January 18, 1934. On January 16, 1934, there was filed in this court a motion for an order to quash the alternative writ. This was denied on April 2, 1934.

Obviously, if plaintiffs are to have a review upon the merits a settled case is essential. It appears without doubt that the principal and perhaps only question for review in this court, on the merits, is a determination of whether or not the evidence in the case supports the respective verdicts.

The verdicts represent large sums of money. With interest the total amount involved will exceed $32,000. If these plaintiffs are to be deprived of their right of review, it in all probability will mean an absolute loss to them of these recoveries. Such result should not be permitted if it is reasonably possible to avoid the same. Courts are human institutions designed to function and actually functioning for the protection, preservation, and enforcement of human rights.

■ Appeal statutes, being remedial in nature and purpose, are to be liberally construed. This applies with special force to matters of procedure. Where an appeal is taken in good faith, omissions may be corrected, stay of proceedings obtained, and, when necessary, amendments to the record procured, all to the end that substantive rights may be preserved. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 285, and cases cited.

■ The allowance of a bill of exceptions or settled case is governed by 2 Mason Minn. St. 1927, § 9329, which provides that a proposed case may be served on the adverse party within 40 days after verdict or after notice of the filing of the decision or report in the event the cause is heard by the court or a referee. If a motion is heard on the minutes of the court, the aggrieved party may propose a bill or case within 20 days after notice of the decision thereon. It is further provided that the parties may by agreement extend the time for settling a case or the court may by order so direct; "and the court, in its discretion and upon proper terms, may grant leave to propose a bill or case after the time herein allowed therefor has expired."

■ Thus it is apparent that, upon the facts here appearing, the question here involved came before the trial court in such a way as to call for the exercise of judicial discretion. In view of the very substantial rights involved; that plaintiffs have duly and seasonably perfected appropriate appeals and have diligently although abortively sought to have the time extended within which to propose a case; that they have ordered a transcript of the testimony (which undoubtedly is rather voluminous, as it appears from the papers before us that some four days of actual trial work took place), it would seem that the trial court in the exercise of sound discretion should have granted plaintiffs' motions. The order for judgment in defendant's behalf provided for a stay of 40 days. It was served on May 18. The stay, therefore, did not expire until the end of June 27. Strictly speaking, defendant was within its rights in refusing to accept service, but that did not relieve the court of the duty and responsibility, as a matter of judicial discretion, of passing upon plaintiffs' application for additional time and for the other relief by them sought.

This court has in several cases passed upon similar, although not exactly the same, questions. Thus, in Stevens v. Fritzen, 139 Minn. 491, 164 N. W. 365, 165 N. W. 1073, the trial court was upheld in an order granting additional time many months after the time limited by statute had expired. Perhaps the case of State ex rel.

Driscoll v. Enersen, 183 Minn. 341, 236 N. W. 488, is even nearer to the instant case in the facts than the Stevens case.

We conclude that the learned trial court erred in denying plaintiffs' motions.

It is ordered that a peremptory writ issue.