STATE EX REL. H. D. DALKIN v. PAUL W. GUILFORD.[1]

August 10, 1934.

No. 30,163.

*Guesmer, Carson & MacGregor, William E. MacGregor,* and *Donald F. Pratt,* for petitioner.

*Brill & Maslon,* for respondent.

*PER CURIAM.*

This matter comes before us upon an alternative writ of *mandamus* whereby the relator seeks a peremptory writ requiring Judge Guilford of the district court of Hennepin county to extend the time within which to settle a case and requiring him to settle such case.

January 22, 1931, the relator commenced an action in the district court of Hennepin county against Benjamin Lifson and the Oak Grove Apartments Holding Company to recover a commission in a real estate deal. The case finally came to trial February 9, 1933, and on February 22 of that year the jury returned a verdict in favor of the plaintiff and against the Oak Grove Apartments Holding Company in the sum of $13,650. March 20, 1933, the court ordered

[1]Reported in 256 N. W. 238.

judgment notwithstanding the verdict and gave the plaintiff 30 days' stay. Judgment was entered in favor of the defendants and against the relator on April 21, 1933. October 21, 1933, the plaintiff perfected an appeal to this court. The relator was in financial straits and for some months ordered no transcript. He proposed no case until the tenth day of May, 1934, when he served notice of motion upon the defendants' attorneys that on May 16, 1934, he would move the respondent herein for an order settling the reporter's transcript as a settled case therein. Apparently a copy of such transcript had been delivered to the defendants' attorneys April 7, 1934, but was not accompanied by any notice. June 12, 1934, the court denied the plaintiff's motion to settle the case or to extend the time within which it might be settled. It therefore appears that the motion to settle the case was made over 13 months after the order which directed judgment in favor of the defendants notwithstanding the verdict, and over 12 months after such judgment had been entered. The transcript was ordered October 31, 1933, over seven months after judgment was ordered and over six months after the entry of that judgment. The transcript was received from the court reporter March 17, 1934, nearly two months prior to plaintiff's motion for an order settling the case. The time to propose and settle a case expired about May 3, 1933, something over a year prior to the time when the motion to extend the time was made. As we view the situation the only question presented is whether the trial court abused its discretion in denying to the relator an extension of time for proposing and settling a case in the action which he brought against Lifson and the holding company.

2 Mason Minn. St. 1927, § 9329, gives the aggrieved party 40 days after verdict or after notice of the filing of a decision within which to serve his proposed case, but provides that the time may be extended by agreement or by order of the court:

"and the court, in its discretion and upon proper terms, may grant leave to propose a bill or case after the time herein allowed therefor has expired."

It will be seen that approximately a year passed after the expiration of the period within which the statute requires the serving

of a proposed case before the relator made an application to have his case settled. Many months passed before he ordered his transcript. His financial situation may have and probably did account for his delay in obtaining the transcript, but it would have been a simple matter and very inexpensive to have made an application for an extension of time within which to obtain the transcript and propose a case. The statute makes it discretionary in the trial court to settle a case after the prescribed period has expired. If any discretion is to be left to the trial court to deny such an application, we cannot say that the trial court abused its discretion in the case at bar in so doing.

The relator relies largely upon Stebbins v. Friend, Crosby & Co. 191 Minn. 561, 254 N. W. 818, in which this court granted peremptory writs compelling the trial court to settle a case; but in that case, as this court said, plaintiffs not only seasonably perfected an appropriate appeal but diligently, although abortively, sought to have the time extended within which to propose a case. In State ex rel. Driscoll v. Enersen, 183 Minn. 341, 236 N. W. 488, much greater diligence was shown upon the part of the relator than exists in the case at bar, and in that case there was laches on the part of opposing counsel. In Stevens v. Fritzen, 139 Minn. 491, 164 N. W. 365, 165 N. W. 1073, the discretion of the trial court was exercised in an order granting additional time.

We are of the opinion that we would not be justified in finding that the trial court abused its discretion in denying the relator's application. The relator's application is denied, and the alternative writ is discharged.