## JAMES McGOVERN AND ANOTHER v. FEDERAL LAND BANK OF ST. PAUL.[1]

March 1, 1940.

No. 32,366.

*Fraser & Fraser,* for relators.

*John Thorp, Michael A. Schmitt,* and *Robert J. Barry,* for respondent.

PER CURIAM.

Relators apply to this court for a peremptory writ of *mandamus* directing respondent to hear and determine their petition to settle

[1]Reported in 290 N. W. 575.

a proposed case. It is conceded that they have not now a legal right to have a case settled. The respondent apparently denied relators' petition because of the opinion that this court in State ex rel. McKenzie v. Wilson, 199 Minn. 452, 272 N. W. 163, 164, held that the trial court has no authority to allow a case to be settled after the expiration of six months from the entry of the judgment. There, as here, the application to settle a case was made more than six months after the entry of judgment; but there, unlike the instant case, the trial court heard the petition and in the exercise of judicial discretion denied it. In the case at bar the respondent, referring to the neglect of relators to procure a timely stay for the purpose of settling a case, states:

"While their excuse is not a good one this Court nevertheless would be very much inclined to grant their motion in order that they might fully develop their appeal. The Supreme Court, however, has said that it has no power to do so after the time for appeal has expired," quoting this sentence from State ex rel. McKenzie v. Wilson [199 Minn. 454]:

"While the court has discretion to permit a case to be settled after a stay has expired and to extend the 40 days provided by § 9329, it has no such power if the time to appeal has expired under § 9497."

This court there indicated that if the appeal from the judgment had not been taken within six months from the entry thereof, the settling of a case would be an idle gesture, for an appeal taken after the expiration of six months from the entry thereof would not give this court jurisdiction to entertain it. This appeal was taken in time, and we think respondent is still authorized to exercise judicial discretion as to relators' application to settle a case. Whether through dilatory tactics relators have lost their right to a settled case is for respondent to decide.

Let a peremptory writ of *mandamus* issue that respondent consider and determine, within judicial discretion, relators' right to have the proposed case settled.