FRANCIS SCHMIT v. VILLAGE OF COLD SPRING.[1]

July 30, 1943.

No. 33,603.

[1]Reported in 10 N. W. (2d) 727.

*F. W. Russell* and *Atwood & Quinlivan,* for relator.
*Phillips & Sherwood,* for respondent.

LORING, JUSTICE.

This matter is before us upon an alternative writ of *mandamus* by which the relator, the village of Cold Spring, seeks a peremptory writ requiring the Honorable J. B. Himsl, judge of the district court of Stearns county, to extend the time within which to serve a proposed case upon respondent's attorneys and to extend the time within which a case may be settled and allowed.

An action for negligence by respondent against the village was tried at the November 1942 general term of the district court of Stearns county, and respondent recovered a verdict for $2,100 for personal injuries. The verdict was returned December 10, 1942, and on December 23 relator moved for judgment or a new trial. The motion was heard on the minutes of the court on January 26, 1943. A transcript had been delivered to relator's counsel prior to the hearing on the motion, but it was not used or proposed as a case at that time.

March 20, 1943, the court denied relator's motion, and notice of the order was served. Subsequently a stay of all proceedings for 40 days from March 20 was ordered by the court. Immediately after the court denied relator's motion for judgment or a new trial, the village directed its attorney to perfect an appeal to this court, and he thereupon advised his associate, who had assisted him at the trial, to take the necessary steps to perfect and present the appeal. His associate became involved in matters pending before the legislature in St. Paul to the exclusion of all his other legal affairs until April 9. On April 12 he tendered the transcript to one of respondent's counsel, apparently as a proposed case, although it does not definitely appear that it was so formally desig-

nated. Respondent's counsel declined to accept it. April 14 relator served on respondent's counsel notice of appeal to this court from the order of March 20. April 15 relator moved the trial court for an extension of time in which to present a settled case for allowance. The motion was heard April 24 and denied on June 7.

Throughout the proceedings the trial court and counsel on both sides seemed to have been under the impression that the stay of proceedings ordered by the trial court did not extend the time within which relator might propose a case. Instead of proposing the case after the statutory period but within the 40-day stay, relator moved for leave to propose a case and have it allowed. In State ex rel. Leonard v. Searle, 81 Minn. 467, 469, 84 N. W. 324, 325, where this court had under consideration G. S. 1894, §§ 5219 and 5400, which appear to be the predecessors of the present Minn. St. 1941, §§ 544.34 and 547.05 (Mason St. 1927, §§ 9243, 9329), it held:

"We are also of the opinion that the stay ordered in this case enlarged the time provided for under the terms of G. S. 1894, § 5400, for preparing and serving the proposed case (G. S. 1894, § 5219), and that the defendants had the whole time so granted by the court to examine the records, and prepare and serve the same, and it follows that the proposed case was served in time (see Cook v. Finch, 19 Minn. 350 [407])."

In that case the order merely provided (81 Minn. 468, 84 N. W. 325): "Stay of proceedings herein is hereby granted until September 1, 1900." In the case at bar, had the case been proposed within the stay, it would have been in time, though apparently the court would have refused to settle it.

The erroneous impression that seemed to prevail with both court and counsel is doubtless responsible for the situation in which relator finds itself. Counsel for respondent evidently was a party to the misapprehension and furthered it by refusing the transcript. We think the mutual mistake of both parties and the court abundantly excuses relator for its failure to propose a case within the 40-day stay which had been granted. Since the rejection of the

transcript was followed promptly by a motion to the court for leave to propose such a case for allowance, we think that the court, had its attention been called to our decisions, would have acted upon the motion within the 40-day stay period in sufficient time to allow relator properly to propose a case. Therefore the court's discretion, properly exercised, should now permit the presentation and allowance of such a case.

The alternative writ is made peremptory.

[1]Reported in 10 N. W. (2d) 770.