DOROTHY L. WEBERG, SPECIAL ADMINISTRATRIX OF
ESTATE OF RALPH WILLIAM MELIN, v. CHICAGO,
MILWAUKEE, ST. PAUL & PACIFIC RAILROAD
COMPANY AND OTHERS.[1]

May 22, 1953.

No. 35,893.

[1]Reported in 59 N. W. (2d) 317.

346

A. C. *Erdall*, S. W. *Rider, Jr.*, and J. R. *Scoggin*, for appellant.
E. *Luther Melin*, for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for the wrongful death of Ralph William Melin, brought by Dorothy L. Weberg, his widow, as special administratrix of his estate. Originally, the Chicago, Rock Island & Pacific Railroad Company and the Minneapolis, St. Paul & Sault Ste. Marie Railroad Company were joined as defendants, but by stipulation the cause against each of them was dismissed with prejudice. On October 6, 1949, at the close of the trial, a verdict was directed in favor of the Chicago, Milwaukee, St. Paul & Pacific Railroad Company, hereinafter referred to as defendant, on the ground that plaintiff had failed to produce a case in court.

This is an appeal from an order dated June 13, 1952, which vacated and set aside the judgment entered for defendant January 24, 1952, and which granted plaintiff a new trial. In a memorandum attached to the order appealed from, the court stated:

"The court is now satisfied from the affidavits submitted by the plaintiff that he made an honest effort to obtain a record in this case but was unable to do so by reason of the fact that the notes kept by Mr. Moore, the reporter, were lost by him * * * The court is of the opinion still that the plaintiff did not produce a case in court but * * * that he had a right to test the propriety of the

directed verdict by an appeal to the Supreme Court and that he was deprived of this privilege * * * by virtue of the inability of the court reporter to produce a proper record."

On appeal it is defendant's contention that the trial court was without jurisdiction at the time it made the order appealed from.

Subsequent to the return of the verdict, the following proceedings took place. Plaintiff moved for a new trial on the minutes on the ground of errors committed during the trial. This motion was denied December 1, 1949, and on January 9, 1950, plaintiff appealed to this court from the order denying it. On January 21, 1952, this appeal was dismissed for lack of prosecution and defendant thereupon entered judgment on January 24, 1952. In the period between the notice of appeal and its dismissal here, plaintiff made two additional motions for a new trial, each based upon her failure to obtain a transcript on account of the illness of the court reporter. Each of these motions was denied.

After the entry of judgment, plaintiff made a fourth, fifth, and sixth motion for a new trial, each of which included a motion to vacate the judgment. They were all based upon her inability to obtain a transcript. The fourth motion was made January 24, 1952, and denied February 18, 1952. The fifth motion was made February 21, 1952, and denied March 27, 1952. The sixth motion was made April 25, 1952, and granted June 13, 1952, as hereinbefore indicated. It is from the order granting this motion that the present appeal is taken.

Plaintiff at no time has moved for a settled case and admits that her first attempt to obtain a transcript was made October 1, 1950, nearly a year after the verdict. Any stays subsequently granted were made *ex parte* upon application of plaintiff without notice to or consent of defendant. None of them extended the time for motions for new trial or otherwise.

When the first, second, and third motions for a new trial were made, the new rules of civil procedure were not yet in effect. At the time the fourth, fifth, and sixth motions for new trial were made, they had become effective. Rule 59.01 (8) thereof makes the

inability to obtain a transcript the basis of a motion for new trial. It was with this rule in mind that the order of June 13, 1952, was made.

■ The order of June 13, 1952, is appealable. In effect it vacated the judgment, and we have held that such an order is appealable. Kruchowski v. St. Paul City Ry. Co. 195 Minn. 537, 263 N. W. 616, 265 N. W. 303, 821; Ayer v. C. M. St. P. & P. R. Co. 189 Minn. 359, 249 N. W. 581; Morehart v. Furley, 152 Minn. 388, 188 N. W. 1001.

■ The sole question for determination is whether the trial court had jurisdiction at the time it granted plaintiff's sixth motion for a new trial. This and the prior four motions were all based upon plaintiff's inability to obtain a transcript. Prior to January 1, 1952, the date on which the new rules for civil procedure became effective, the rule in this state and in a majority of jurisdictions was that the lack of a transcript or inability to obtain one did not constitute .grounds for a new trial. Peterson v. Lundquist, 106 Minn. 339, 119 N. W. 50; Annotation, 13 A. L. R. 118; see, Annotation, 13 A. L. R. 102. In the Peterson case we stated (106 Minn. 341, 119 N. W. 50) :

"The decision of the court was filed August 1, 1907, and several stays of proceedings were subsequently ordered to enable defendant to complete the record, but to no purpose, and judgment was finally entered April 30, 1908. There was clearly no abuse of discretion in the refusal of the trial court to further delay the judgment. It was manifest that a transcript could not be obtained. But the conduct of the reporter, or his failure or inability to furnish a transcript, is not an irregularity of the court, within the meaning of the statutes on the subject of new trials. The irregularities there referred to have reference to proceedings had during or before the trial, and which resulted to the prejudice of the complaining party, and not to occurrences or conduct of court officers happening after the trial."

· It is clear from the foregoing that under the rules in effect prior to January 1, 1952, the court did not err in denying plaintiff's

various motions for a new trial based upon her inability to obtain a transcript.

■ As indicated above, Rule 59.01(8) makes the inabilty to obtain a transcript grounds for a new trial. Rule 86.01 of the new rules provides that the rules shall "govern all proceedings and actions brought after they take effect [January 1, 1952], and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible, or would work injustice, * * *."

If it be held that the new rules became applicable to these proceedings after January 1, 1952, then plaintiff was authorized thereunder to base her motion for a new trial upon her inability to obtain a transcript provided her motion was timely and otherwise complied with applicable rules.

■ Assuming, but not deciding, that the new rules applied after January 1, 1952, we are of the opinion that nevertheless plaintiff was not entitled to an order granting her a new trial because of her inability to obtain a transcript in view of her failure to comply with other applicable rules included in the new rules of civil procedure.

Rule 59.03 thereof provides:

"(1) A notice of motion for a new trial for a cause not appearing of record, but shown by affidavit, *shall be served not later than 60 days after verdict or notice of the filing of the decision or report, unless the time be extended by the court for cause upon application made during such 60-day period.*" (Italics supplied.)

Rule 59.06 provides:

"A stay of entry of judgment under Rule 58 shall not be construed to extend the time within which a party may serve a motion or settle a case."

Prior to the adoption of Rule 59.06, it was generally held that a stay of the entry of judgment enlarged the time for settling a case and consequently for serving a motion for new trial. 3 Young-

quist & Blacik, Minnesota Rules Practice, p. 325; cf. Schmit v. Village of Cold Spring, 215 Minn. 572, 10 N. W. (2d) 727; State ex rel. Leonard v. Searle, 81 Minn. 467, 84 N. W. 324. Under Rule 59.03 above this is no longer true. Therein "Definite time limits are set which may be extended only by the court for good cause upon application made during the periods allowed for the motion." 3 Youngquist & Blacik, Minnesota Rules Practice, pp. 314, 325. Under Rule 6.02, by specific direction, the court cannot enlarge this time, nor may it upon its own initiative grant a new trial after the specified time limitation. Marshall's U. S. Auto Supply, Inc. v. Cashman (10 Cir.) 111 F. (2d) 140.

Ordinarily where new rules are made applicable to litigation pending at the time of their effective date, it would be proper to apply them from and after the effective date, which in the instant case would be January 1, 1952. Granting plaintiff an even wider latitude by applying them as of January 24, 1952, the date of the judgment, it is clear that nevertheless her right to move for a new trial had expired long prior to April 25, 1952, the date upon which she made her sixth motion therefor. At that time approximately 90 days had elapsed from the entry of judgment.

■ Rule 59.03(1) requires that such motions be made within a 60-day period from the date of verdict or notice of the filing of the decision or report unless the time be extended upon application made during such 60-day period. Assuming, but not deciding, that this limitation extended from the date of judgment rather than from the date of the original verdict, the trial court's jurisdiction to consider or grant a motion for a new trial had expired at the latest upon the expiration of such specified 60-day limitation since no application for extension of time to so move was made during the 60-day period. Even though, as plaintiff now claims, some of the *ex parte* stays still remained in effect at the time of the sixth motion, under Rule 59.06 such stays were not effective for the purpose of extending jurisdiction to hear further motions for new trial. It follows that the sixth motion should not have been considered by

the trial court and that it erred in granting it under the most liberal application of the new rules of procedure.

Reversed.