## STATE, BY WALTER F. MONDALE, ATTORNEY GENERAL, v. INDEPENDENT SCHOOL DISTRICT NO. 31 AND OTHERS.

116 N. W. (2d) 711.

August 17, 1962—No. 38,652.

*Stiening, Olson & Thysell,* for relators.
*Powell & Dessert,* for respondent school district.

THOMAS GALLAGHER, JUSTICE.

Petition for a writ of mandamus[1] to the District Court of Beltrami County and to the Honorable Arnold C. Forbes, judge thereof, directing the latter to vacate his order denying relators' motion to settle a proposed case and directing him to settle such case.

These proceedings were instituted by the state to condemn certain lands in the city of Bemidji for use by Bemidji State College. Relators are owners of a reversionary interest in some of the lands being condemned. They were originally conveyed to Independent School District No. 7, now known as Independent School District No. 31, for school purposes only, subject to the condition that if they ceased to be used for such purposes they would revert to the grantors or their heirs.

The commissioners who were appointed by the court in the condemnation proceedings filed an appraisal report on such lands with the district court. Based thereon, an award in the total sum of $88,553 was thereafter made by the court, $1,500 of which was paid to School District No. 31 for other lands belonging to it and the balance of $87,053 was paid into court subject to the court's further order. On October 17, 1960, the court made an order pursuant to stipulation directing payment of all of that sum to the school district with the

---

[1]Under Rule 81.01(2) of Rules of Civil Procedure "[t]he writ of mandamus and the writ of quo warranto and information in the nature of quo warranto are abolished." This rule has no application to the statutory right of this court to issue a writ of mandamus under Minn. St. 480.04. Williams v. Rolfe, 257 Minn. 237, 101 N. W. (2d) 923.

exception of $20,000, which it ordered deposited in Bemidji Savings & Loan Association. On November 21 the court made and filed an order directing payment of $67,053 to the school district. No notice of the filing of this order was ever served upon relators or their counsel, but on November 22, 1960, the latter received from counsel for the school district a letter stating:

"* * * we do not intend to ask the clerk to pay this money over to the school district until 10 days have elapsed from and after November 21, 1960, in order that you may pursue any remedy which you might have in connection with these proceedings."

On November 29, 1960, counsel for relators ordered a transcript of the testimony in the proceedings, preparatory to taking appeal from the order of November 21, 1960, and the district court on November 30, 1960, upon relators' application, made an ex parte order as follows:

"A transcript having been ordered in the above matter for purposes of perfecting an appeal, all proceedings herein under the order of this court dated November 21, 1960, are stayed pending the outcome of said appeal."

On September 14, 1961, the transcript was delivered to counsel for relators. On that date a copy thereof was served upon counsel for Independent School District No. 31 which copy they have since retained and to which they have proposed no amendments.

On November 20, 1961, relators' notice of appeal was served upon opposing counsel and filed in the office of the clerk of the district court. On October 27, 1961, counsel for the school district had moved for an order vacating the stay granted by the order dated November 30, 1960. On December 23, 1961, this motion was denied. In a memorandum attached to the order denying it, the court stated:

"The school district attorneys urge that, even though a notice of filing the order in question is necessary to start the running of the time for appeal (Rule 605.08), and * * * they served no such * * * notice, and, * * * under the authorities * * * actual notice is insufficient * * * the court was without authority to order a stay of proceedings and that the appellants by applying for such void order

waived a prior right. It is our view that if the stay was void and unnecessary then the application for it was equally void. The time for appeal has not yet commenced to run and the notice of appeal is effective."

On January 5, 1962, counsel for relators served on counsel for the school district notice of a motion for an order settling the case which had been proposed and served upon them. This motion was heard January 15, 1962. On April 20, 1962, the court made its order denying such motion. Therein, it stated:

"* * * on November 29, 1960, attorneys for [relators] * * * applied for and obtained an ex parte order for a stay of proceedings which constituted a waiver of the notice of filing of the order for judgment; * * * the instant motion to settle the case was brought on for hearing on January 15, 1962, and the Court * * * finds that the * * * motion was not presented within the time after furnishing of the transcript by the reporter which was not enlarged by stipulation, agreement or any order of the Court, and further that the time for appeal had expired before the noticing of this motion."

In a memorandum attached to this order, the court stated:

"The time for settling the case expired 25 days after September 14 1961, or on October 19, 1961, State Ex Rel Leonard v. Searle, 81 Minnesota 467, 84 NW 324. Van Brunt & Wilkins Mfg. Co. v. Kinney, 51 Minnesota 337, 53 NW 643.

"The case was not presented to the judge for settlement within the time prescribed by the Rule * * *. In this connection see State Ex Rel McKennzie vs. Wilson, 199 Minn. 452, wherein the court held that the District Court was without discretion to permit a case to be settled after time to appeal had expired.

* * * * *

"It appears that on November 29, 1960, the attorneys for [relators] applied ex parte to the court for a stay of proceedings based upon the order of November 21, 1960. This constituted a waiver of the notice of the filing of the order. State Ex Rel McKenzie v. Wilson, 199 Min[n]. 452.

"A stay of proceedings does not extend the time for appeal, Johnson v. Bank, 193 Minn. 357, 258 NW 504."

At no time prior to this order had written notice of the order of November 21, 1960, been served upon relators or their counsel.

■ We are of the opinion that under Minn. St. 605.08 the ex parte order of November 30, 1960, wherein all proceedings were stayed pending outcome of the appeal, did not constitute a waiver by relators of their right to have formal service of the order of November 21, 1960. This stay was sought by them because of the letter of November 22, 1960, wherein counsel for the school district indicated he intended to procure payment to his client of the amount awarded the latter. The order of November 30 did not fix or extend time for settling the case under Rule 59.07, Rules of Civil Procedure,[2] and made no reference whatever thereto. Its only effect was to stay entry of the judgment ordered. Under Rule 59.06,[3] such a stay does not enlarge the time within which a party may move to settle a case, Weberg

[2]Rule 59.07 provides: "A case shall mean a written statement of the proceedings in the cause * * *. It should contain only the evidence and other proceedings on the trial material to the questions of law or fact that the parties may choose to present for review. The transcript must have been ordered, and the order accepted by the reporter, not later than 30 days after verdict or *notice of the filing of the decision*. The date of delivery of the transcript shall be reported by the reporter to the clerk and recorded by the clerk. The party preparing a case shall serve the same on the adverse party, by copy, within 10 days after delivery of the transcript. The party served may in like manner propose amendments thereto within 5 days. Such case, with the amendments, if any, shall within 10 days after the service of such amendments be presented to the judge or referee who tried the cause, for settlement, upon notice of 5 days. If a motion be heard on the minutes, the aggrieved party may order a transcript within 10 days after notice of decision thereon and propose a case as provided by this rule. The times herein limited may be extended by order of the court; and the court, in its discretion and upon proper terms, may grant leave to propose a case after the time herein allowed therefor has expired."

[3]Rule 59.06 provides: "A stay of entry of judgment under Rule 58 shall not be construed to extend the time within which a party may serve a motion or settle a case."

v. Chicago, M. St. P. & P. R. Co. 239 Minn. 345, 59 N. W. (2d) 317, although prior to the adoption of Rule 59.06 an opposite rule prevailed. Schmit v. Village of Cold Spring, 215 Minn. 572, 10 N. W. (2d) 727; State ex rel. Leonard v. Searle, 81 Minn. 467, 84 N. W. 324.

■ Accordingly, the rule in State ex rel. McKenzie v. Wilson, 199 Minn. 452, 272 N. W. 163, to the effect that the time for settlement of a case as extended by an ex parte order terminates upon expiratio⁻ of the extended period even though no notice of the order from which the appeal is contemplated has been served[4] would have no application here. The basis of this rule, erroneously applied here by the trial court, is expressed in Doyle v. Swanson, 205 Minn. 40, 42, 284 N. W. 874, 875, as follows:

"* * * *notice of the filing of the decision must be given to start the time for settling the case running* * * *. Knowledge of the filing * * * acquired in other ways is no substitute * * *. Here that objection does not avail. The court upon the defendant's own application fixed the time within which to settle the case * * *. *The defendant himself has taken notice of the filing of the decision* * * *. In that situation written notice of the filing of the decision is no longer required. *The defendant has submitted himself to the court's orders upon the basis that the time was running and that he should have until a definite time within which to settle the case. In that situation he should be deemed to have waived the service of written notice upon him by the adverse party.* State ex rel. McKenzie v. Wilson, 199 Minn. 452, 272 N. W. 163; State ex rel. Countryman v. Kelly, 94 Minn. 407, 103 N. W. 15." (Italics supplied.)

In each of the decisions cited, the party otherwise entitled to notice of the order for the purpose of limiting the time for settlement of the case was held to have waived his right thereto for such purpose by applying for and obtaining an order extending such time to a definite date or by making a stipulation to that effect. As indicated above, such a situation did not prevail in the instant case where the stay granted

---

[4]To the same effect, see Doyle v. Swanson, 205 Minn. 40, 284 N. W. 874. Cf. State ex rel. Countryman v. Kelly, 94 Minn. 407, 103 N. W. 15.

could have no reference to settlement of the case and where relators at all times acted in compliance therewith rather than in default thereof. In the absence of such waiver the time within which to order a transcript of testimony for the case under Rule 59.07 did not commence to run. State ex rel. Driscoll v. Enersen, 183 Minn. 341, 236 N. W. 488; State ex rel. Countryman v. Kelly, 94 Minn. 407, 103 N. W. 15.[5] Likewise, under § 605.08 the 30-day period for appeal from an order at no time was set in motion. Strand v. Chicago G. W. R. Co. 147 Minn. 1, 179 N. W. 369; Levine v. Barrett & Barrett, 83 Minn. 145, 85 N. W. 942, 87 N. W. 847. See, also, McGovern v. Federal Land Bank, 207 Minn. 261, 290 N. W. 575.

■ It is clear from the foregoing that, when relators submitted their motion for a settled case, the court, contrary to the conclusion expressed in its memorandum of April 20, 1962, did have authority to act therein under the discretionary power granted it by Rule 59.07. And it is well established that the exercise of such discretion need not have been dependent upon relators' separate application for leave to propose the case as the court likewise concluded in the memorandum described. Stevens v. Fritzen, 139 Minn. 491, 164 N. W. 365, 165 N. W. 1073; State ex rel. Driscoll v. Enersen, *supra*; Stebbins v. Friend, Crosby & Co. 191 Minn. 561, 254 N. W. 818. These decisions were decided under G. S. 1913, § 7832, or Mason St. 1927, § 9329, predecessor statutes to Rule 59.07 and containing like discretionary authorization. As stated in Stevens v. Fritzen, *supra* (139 Minn. 492, 164 N. W. 366):

"Plaintiff's attorneys claim that because defendant failed to ask leave to serve a proposed case before he attempted to make the service,

---

[5]The provision in Rule 59.07 that notice of the filing of the decision from which an appeal is contemplated fixes commencement of the 30-day period within which a transcript of the testimony be ordered for the "case" was not part of this rule on May 8, 1959, at the time of our decision in Vessel v. Greenlee, 255 Minn. 305, 96 N. W. (2d) 382. Accordingly, we held there that the rule in State ex rel. Driscoll v. Enersen, *supra,* no longer applied. However, the requirement of notice was included by amendment to Rule 59.07 effective July 1, 1959. It would follow that the rule of State ex rel. Driscoll v. Enersen, *supra,* thereby again became applicable.

the court had no power to make the order of August 15th, extending the time and settling the case theretofore proposed. They cite Van Brunt & W. Mfg. Co. v. Kinney, 51 Minn. 337, 53 N. W. 643. There can be no doubt that the court had the power under G. S. 1913, § 7832, to extend the time limited for proposing and settling a case, and to grant leave to propose a case after the time limited had expired. We do not see that the order made was anything more than an exercise of the statutory power thus granted. It is not controlling that the proposed case was actually served before leave to do so had been obtained."

■ There being no bar to the court's right to settle the case proposed by relators, it would seem that the facts and circumstances outlined required that their motion therefor should have been granted. The time for appeal had not expired and shortly prior to such motion the court had so held. Up until that date relators were awaiting the outcome of a motion by counsel for the school board to vacate the stay granted November 30, 1960. Relators might well have been led to believe that, if the motion were granted, settlement of the case would serve no purpose. Under the circumstances above described, we do not feel that their delay in moving for settlement of the case manifested such lack of diligence on their part as to deny them a right of appeal from the order of November 21, 1960. Rather, we think the situation may be likened to that in State ex rel. Driscoll v. Enersen, *supra,* where this court stated that, in exercising its discretion to settle a case after the time therefor had expired, the failure of the prevailing party to serve notice of the order from which the appeal was intended should have been taken into consideration; and that where both parties were at fault, the doctrine of laches should not be strictly applied. Likewise, in Crawford v. Woodrich Const. Co. Inc. 236 Minn. 547, 51 N. W. (2d) 822, where a stay of proceedings, granted so that defendant could obtain a transcript in order to make a motion for a new trial on the record, was vacated when time to appeal from the judgment would probably expire before the transcript was furnished, we stated (236 Minn. 549, 51 N. W. [2d] 823):

"* * * In our opinion, defendant was seriously prejudiced. * * * if no stay had been entered at all after the verdict, [defendant] could,

and probably would, have made a motion for a new trial on the minutes of the court. But, since a stay had been entered and defendant desired to make a motion for a new trial on the record, it had a right to assume that it would be permitted to make such a motion on the record, and it allowed the time for making a motion on the minutes to pass. * * * in its order of January 12, 1952, the court cut off the stay and directed the entry of judgment forthwith. * * * Therefore, since judgment has been entered, if the order of January 12, 1952, is permitted to stand, defendant will be absolutely foreclosed from making a motion for a new trial at all—an absolute right which it had. * * *

"Defendant was clearly prejudiced by the action of the court on the facts as we have stated them here, and the alternative writ of mandamus should be made absolute insofar as it reinstates the order granting a stay."

Also, the situation in Schmit v. Village of Cold Spring, 215 Minn. 572, 574, 10 N. W. (2d) 727, 728, seems somewhat analogous. There this court stated:

"The erroneous impression that seemed to prevail with both court and counsel is doubtless responsible for the situation in which relator finds itself. Counsel for respondent evidently was a party to the misapprehension and furthered it by refusing the transcript. We think the mutual mistake of both parties and the court abundantly excuses relator for its failure to propose a case within the 40-day stay which had been granted. Since the rejection of the transcript was followed promptly by a motion to the court for leave to propose such a case for allowance, we think that the court, had its attention been called to our decisions, would have acted upon the motion within the 40-day stay period in sufficient time to allow relator properly to propose a case. Therefore the court's discretion, properly exercised, should now permit the presentation and allowance of such a case."

Based upon the factual situation presented here, and consistent with the applicable rules of procedure and the decisions cited, we conclude that the trial court should have granted relators' motion to settle the case.

Let the peremptory writ issue.