BELDIN H. LOFTSGAARDEN v. WILLIAM A. REILING.

120 N. W. (2d) 857.

March 22, 1963—No. 38,939.

*Miley & Narveson* and *David W. Nord,* for relator.
*Joseph M. Donahue,* for respondent.

PER CURIAM.

Certiorari to review an order of the trial court dated November 7, 1962, denying plaintiff's motion for an order "settling" a case for purposes of appeal to this court. Plaintiff's action against defendant is one for libel, an outgrowth of the facts involved in Hammersten v. Reiling, 262 Minn. 200, 115 N. W. (2d) 259.

On May 11, 1961, the jury returned a verdict in plaintiff's favor. Therein it found that he had suffered no *general* or *compensatory* damages as a result of defendant's libel, but awarded him *punitive* damages in the sum of $5,000. On November 6, 1961, on motion of defendant, the trial court ordered judgment in defendant's favor on the ground that a verdict for punitive damages cannot be sustained in the absence of a finding of general or compensatory damages. Meixner v. Buecksler, 216 Minn. 586, 13 N. W. (2d) 754; cf. Royal Ind. Co. v. Township of Island Lake, 177 Minn. 408, 225 N. W. 291. On November 6, 1961, defendant served plaintiff with a copy of this order which had been filed on the same date. It does not appear that any appeal from this order was ever undertaken by plaintiff.

On April 2, 1962, plaintiff ordered a transcript of the testimony. This was delivered to him on June 21, 1962. On July 17, 1962, defendant entered judgment in his favor on the order of November 6, 1961. No appeal has been taken from this judgment. On October 16, 1962, plaintiff delivered to defendant's counsel a copy of the transcript and on October 19 served upon him a motion for an order settling a proposed case which included the transcript described. At the hearing on this motion on October 30, 1962, defendant appeared and objected on the ground that the time to settle the case had expired under Rule 59.07 of Rules of Civil Procedure. On November 7, 1962, as above indicated, the court made its order denying plaintiff's motion. In a memorandum attached to this order, the court stated:

"It is undisputed that on November 6, 1961 the defendant served plaintiff with the order granting defendant's motion for judgment notwithstanding the verdict which order had been filed on the same date. The time for settling the case then started to run, and pursuant to Rule 59.07 plaintiff then had thirty days after this date in which to order the transcript * * *.

"It is further undisputed that such transcript was in fact ordered on April 2, 1962. The transcript was delivered to plaintiff's counsel on June 21, 1962. Pursuant to Rule 59.07 plaintiff then had ten days in which to serve a copy of the same on counsel for the defendant.

"Again it is undisputed that a copy was first delivered to the office of counsel for the defendant on October 16, 1962. No extensions of any of the times limited were requested nor granted. In fact, no proceedings of any kind were had relative to the case subsequent to the Court's order of November 6, 1961, except for entry of judgment by the Clerk on July 17, 1962.

"Although discretion is given to the Court to grant leave to propose a case after the expiration of the times limited, it is the opinion of this Court that the granting of such leave would in this case constitute an abuse of such discretion.

"The most recent case in this state on this subject would appear to be State vs. Independent School District No. 31, 116 N. W. 2d 711. Contrary to the facts in that case, here there was no justifiable reason for any possible confusion as to the status of the case or of the commencement and termination of the time periods in which the plaintiff must act. Plaintiff has advanced no reason upon which the Court believes a discretionary granting of leave to propose a case could be based."

Rule 59.07 of Rules of Civil Procedure provides in part that:

"* * * The transcript must have been ordered, and the order accepted by the reporter, not later than 30 days after verdict or notice of the filing of the decision. * * * The party preparing a case shall serve the same on the adverse party, by copy, within 10 days after delivery of the transcript. The party served may in like manner propose amendments thereto within 5 days. Such case, with the amendments, if any, shall within 10 days after the service of such amendments be presented to the judge or referee who tried the cause, for settlement, upon notice of 5 days. * * * The times herein limited may be extended by order of the court; and the court, in its discretion and upon proper terms, may grant leave to propose a case after the time herein allowed therefor has expired."

Under the foregoing rule, it is clear that the only question presented for determination here is whether the trial court abused its discretion in denying plaintiff's motion for a settled case. There is nothing in plaintiff's mo-

tion, or in his petition or briefs submitted here, which would justify his delay in ordering the transcript or in serving it upon defendant after it had been delivered by the court reporter. The 30-day limitation from date of verdict or notice of the order of November 6, 1961, during which the transcript should have been ordered under Rule 59.07, expired long prior to the time plaintiff ordered it. Almost 11 months had expired from the date of the verdict and almost 5 months had passed from the date of notice of the order; and it was not until nearly 4 months after the transcript was delivered that a copy of it was served upon defendant's counsel and that plaintiff's motion for a settled case was made in conjunction therewith. At no time throughout this period did plaintiff seek an extension of the limitations described, and at no time, either prior to or subsequent to the expiration thereof, did he ever justify or attempt to excuse his delays.

In the absence of any justification therefor, and in the absence of any showing that the trial court had abused the discretion provided for under Rule 59.07, we are left with no alternative than to affirm its order denying plaintiff's motion for a settled case. See, State, by Mondale, v. Independent School Dist. No. 31, 263 Minn. 438, 116 N. W. (2d) 711; State ex rel. McKenzie v. Wilson, 199 Minn. 452, 272 N. W. 163; State ex rel. Dalkin v. Guilford, 192 Minn. 345, 256 N. W. 238; State ex rel. Sylte v. Powers, 69 Minn. 429, 72 N. W. 705.

The order of the trial court is affirmed.