IN RE APPLICATION OF
NORTHWESTERN BELL TELEPHONE COMPANY.
STATE v. NORTHWESTERN BELL
TELEPHONE COMPANY.

246 N. W. 2d 28.

August 27, 1976—No. 46054.

OTIS, JUSTICE.

By order filed October 8, 1975, we affirmed the order of the district court remanding a telephone rate case to the Minnesota Public Service Commission (hereafter "the commission"). This opinion is directed at that decision.

On April 18, 1974, the Northwestern Bell Telephone Company (hereafter "Bell") filed an application for a rate increase with the commission. After extensive hearings, the commission issued its report and order on November 22, 1974, authorizing a rate increase substantially less than had been requested by Bell. The state of Minnesota, an intervenor before the commission, and Bell each appealed to the district court for review of the commission's order. On June 27, 1975, the district court entered its order remanding the case to the commission for further proceedings, (1) to redetermine the revenue requirements of the company, including in its determination (a) a million-dollar tax benefit from interest on a debt payable to its parent company, American Telephone & Telegraph, and (b) a fair rate of return reflecting a maximum return on cost of common stock equity, since the rate used by the commission was not supported by substantial evidence; (2) to make further inquiry into the propriety of purchase and acquisition of equipment from Western Electric,

an affiliated company; and (3) to make new or additional findings on the issue of obsolescence. On September 5, 1975, we granted discretionary review of the district court order. We do not consider in this appeal whether remand was appropriate for the purposes indicated based on the record before the district court, but only whether the district court had authority to order a remand.

Our decision requires that we reconcile, if we can, two statutes. Minn. St. 237.25, originally enacted in 1915, L. 1915, c. 152, § 22, and applicable specifically to judicial review of commission orders in telephone rate proceedings, provides in pertinent part as follows:

"Any party to a proceeding before the department or the attorney general may make and perfect an appeal from such order as provided in sections 216.24 and 216.25.

"Upon such appeal being so perfected it may be brought on for trial at any time by either party upon ten days' notice to the other and shall then be tried by the court without the intervention of a jury, and determined upon the pleadings, evidence, and exhibits introduced before the department and so certified by it. At such trial the findings of fact made by the department shall be prima facie evidence of the matters therein stated, and the order shall be deemed prima facie reasonable, *and if the court finds that the order appealed from is unjust, unreasonable, and not supported by the evidence, it shall make such order to take the place of the order appealed from as is justified by the record before it. If the court finds from an examination of the record that the department erroneously rejected evidence which should have been admitted, it shall remand the proceedings to the department* with instructions to receive such evidence so rejected and any rebutting evidence and make new findings and return the same to the court for further proceedings. In such case the department after notice to the parties in interest shall proceed to rehear the matter in controversy, and receive such wrongfully rejected evidence and any rebutting evidence offered and

make new findings, as upon the original hearing, and transmit the same and such new record, properly certified, to the court wherein the appeal is pending, whereupon the matter shall be again considered in the court in the same manner as in an original appeal. Either party may appeal to the supreme court from the judgment of the district court, as in other civil actions except that the appeal must be taken within 30 days from the date of notice of the entry of such judgment." (Italics supplied.)

If these are the exclusive powers of the reviewing court, then remand was not authorized here because no evidence was erroneously rejected. In contrast, Minn. St. 15.0425, enacted in 1963, L. 1963, c. 809, § 2, and included in the Administrative Procedure Act, is more generally applicable and explicitly authorizes remand:

"In any proceedings for judicial review by any court of decisions of any agency as defined in Minnesota Statutes, Section 15.0411, Subdivision 2 (including those agencies excluded from the definition of agency in section 15.0411, subdivision 2) the court may affirm the decision of the agency or *remand the case for further proceedings*; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

(a)   In violation of constitutional provisions; or

(b)   In excess of the statutory authority or jurisdiction of the agency; or

(c)   Made upon unlawful procedure; or

(d)   Affected by other error of law; or

(e)   Unsupported by substantial evidence in view of the entire record as submitted; or

(f)   Arbitrary or capricious." (Italics supplied.)

The issue presented is whether § 15.0425 applies to judicial review of telephone rate proceedings so that the powers conferred in § 237.25 are cumulative rather than exclusive.

Ordinarily the broad language of § 15.0425, by its terms applicable to "any proceedings for judicial review by any court of decisions of any agency," could be construed as manifesting a legislative intention that this general enactment prevail over the negative implications of § 237.25. Such a principle of statutory construction is stated in Minn. St. 645.26, subds. 1 and 4. Thus, we have held in Minneapolis Van & Warehouse Co. v. St. Paul Terminal Warehouse Co. 288 Minn. 294, 180 N. W. 2d 175 (1970), that the "substantial evidence" standard in § 15.0425(e) governs the scope of review of commission orders rather than the "any evidence" standard derived from § 216.25 as interpreted in Dahlen Transport, Inc. v. Hahne, 261 Minn. 218, 112 N. W. 2d 630 (1961). At least with respect to the scope of review of evidentiary determinations, therefore, the Administrative Procedure Act will prevail over apparently conflicting statutory provisions dealing with appeals from decisions of the commission.

However, Bell distinguishes the scope of review of evidentiary determinations from the remedial orders authorized. It argues that the unlimited remand power in § 15.0425 would frustrate important substantive rights; that the requirement in § 237.25 that the district court "make such order to take the place of the order appealed from as is justified by the record before it," rather than remanding, serves (1) to insure independent judicial determination of facts upon which it could be found that rates approved by the commission are so inadequate as to deprive Bell of a reasonable return in an unconstitutionally confiscatory manner, and (2) to minimize delay from further commission proceedings during which escalating costs could have such a confiscatory effect.

With respect to the first purpose argued, the doctrine of independent judicial determination of facts having constitutional significance is derived from Ohio Valley Water Co. v. Ben Avon Borough, 253 U. S. 287, 40 S. Ct. 527, 64 L. ed. 908 (1920). We recognize the Ben Avon doctrine in Western Buse Tel. Co. v.

Northwestern Bell Tel. Co. 188 Minn. 524, 530, 248 N. W. 220, 223 (1933), and State v. Tri-State Telephone & Telegraph Co. 204 Minn. 516, 525, 284 N. W. 294, 302 (1939). But the doctrine has since been criticized in 4 Davis, Administrative Law Treatise, § 29.09, p. 166, as based on the erroneous "assumption that facts upon which constitutional rights depend can be found only by a court." While never explicitly overruled, the doctrine has "gradually died" in Federal courts. Id., p. 167. It is rejected in many states. Id., p. 176. Our own court has implicitly rejected the Ben Avon doctrine in Minneapolis Street Ry. Co. v. City of Minneapolis, 251 Minn. 43, 72, 86 N. W. 2d 657, 676 (1957), by observing that a commission order is "the product of expert judgment which carries a presumption of validity."

It is this same deference to the expertise of the commission which makes remand a necessary option for a district court reviewing telephone rate proceedings, notwithstanding the possibility of delay. We believe that § 237.25 confers upon the reviewing court a power, which it would not otherwise have under § 15.0425, to avoid remand and draft its own order if the record permits, but that the court is not compelled to do so if it determines that a just result requires further exercise of the agency's expertise. Whether in a particular rate case remand is appropriate will be largely within the discretion of the district court, balancing the need for further exercise of the commission's expertise against the possible impact of the incidental delay on the applicant's operating revenues.

Affirmed.

MR. JUSTICE MACLAUGHLIN took no part in the consideration or decision of this case.