In the Matter of the Appeal of Wayne G. HASTY from the Order of the Brainerd Police and Fire Civil Service Commission.

No. 51455.

Supreme Court of Minnesota.

Jan. 16, 1981.

Rehearing Denied Feb. 13, 1981.

Ryan, Ryan, Ebert & Ruttger, Brainerd, for appellant.

D. A. Larson, Brainerd, for respondent.

SHERAN, Chief Justice.

This case presents two questions certified by the district court to this court pursuant to Rule 103.03(i), Rules of Civil Appellate Procedure. The relevant facts are undisputed. On May 20, 1980 the Brainerd Fire and Police Civil Service Commission demoted Chief of Police Wayne G. Hasty to patrolman. Hasty immediately appealed to the district court pursuant to Minn.Stat. § 419.12 (1978) and sought an order to show cause why the decision of the commission should not be stayed pending determination of the appeal. The district court granted a conditional stay and, sua sponte, set the matter for accelerated hearing before a three-judge appeal panel pursuant to Rules 13 and 14, Special Rules of Practice, Ninth Judicial District. By stipulation of counsel, the court reconsidered its order. It reaffirmed its decision and also ordered that Hasty bear the cost of preparing the transcript of the proceedings before the commission. Hasty then moved the district court to certify the following questions to this court:

1. Whether an appeal of a Police Civil Service Commission order taken to the District Court pursuant to Minn.St. 419.-12 may be assigned by the division judge to a three judge District Court Appeal Panel pursuant to Rules 13 and 14, Ninth District Special Rules of Practice?

2. Is the appellant, in an appeal under Minn.St. 419.12, required to bear the costs of preparing the transcript for the appeal?

On June 5, 1980 the motion was granted.

■ 1. Minn.Stat. § 419.12 (1978) permits any person "reduced" by a police civil service commission to "appeal from the order to the district court." Once the commission has certified the record of the proceedings to the court:

The case shall then be at issue and shall be placed on the calendar by the clerk to be tried before the court without jury at the next general term thereof to be held in the county where the city is located at the place nearest the city. The question to be determined by the court shall be:

"Upon the evidence, was the order of the commission reasonable?" After trial in the district court an appeal may be taken from the decision thereof to the supreme court by the employee or the commission in the same manner as provided for other court cases.

Since this statute specifically relates to the police civil service commission, basic rules of construction require that it prevail over more general statutes and rules where there is irreconcilable inconsistency. Minn. Stat. § 645.26, subd. 1 (1978); see In re Application of Northwestern Bell Telephone Co., 310 Minn. 146, 246 N.W.2d 28 (1976).

■ Rule 14, Special Rules of Practice, Ninth Judicial District provides that "[a]ll appeals or writs of review on the record * * shall be assigned to a three-Judge District Court Appeal Panel unless otherwise ordered by the Division Judge." Rule 14 also incorporates Rule 13 which governs appeals from the county court to the district court. Pursuant to Rule 13.11 the district court accelerated the hearing in this matter and scheduled it for the June proceedings in Bemidji. We see no conflict with Minn. Stat. § 419.12 (1978) in ordering that review

be by three judges rather than a single judge or in expediting consideration of this case. Both acts are within the inherent powers of the court and require no special rule for their authorization. Moreover, it is difficult to imagine what prejudice could result from holding a hearing before three judges rather than one, or from efforts to obtain a prompt resolution.

In our view, however, the hearing must be held in Brainerd rather than Bemidji since the statute specifically requires that the appeal be heard "in the county where the city is located at the place nearest the city" presumably for the legitimate purpose of convenience. Although many conceivable conflicts could arise from the application of appellate rules to proceedings to review civil service determinations they are not now before us. We answer the first question in the affirmative to the extent that the rules do not irreconcilably conflict with the statute.

2. Minn.Stat. § 419.12 (1978) requires the commission to "certify to the clerk of the district court, the record of the proceedings, including all documents, testimony, and minutes." Hasty contends that this language requires the commission to provide a transcript for judicial review purposes. Although we have not heretofore considered the specific question, we observe that our Rules of Civil Appellate Procedure, Rule 110.02, require the appellant to order the transcript and to arrange to pay for it, and that the hearing examiner's rule, 9 MCAR § 2.217(D)(3) (1978), promulgated pursuant to a similar certification requirement contained in the Administrative Procedure Act, Minn.Stat. § 15.0418 (1978), mandates that persons requesting a transcript be required to pay a reasonable charge for it. We also observe that we have required the employee to pay the costs of transcript preparation in a civil service appeal arising on certiorari in the district court. *Thoreson v. Civil Service Commission*, 308 Minn. 357, 242 N.W.2d 603 (1976). Since no persuasive reason has been advanced why cases arising under this statute should be excepted from the general rule,

we answer the second question in the affirmative.