COUNTY OF RAMSEY, petitioner, Appellant (C4–82–1401),

Northwestern Bell Telephone Company, petitioner, Appellant (C4–82–1432, C6–82–1433, C8–82–1434, CX–82–1435),

Minnesota Department of Administration, Appellant (C5–82–1441, C7–82–1442),

Minnesota Business Utility Users Council and Pickwick International, Inc., Appellants (C9–82–1443),

City of St. Paul, et al., petitioners, Respondents,
v.
MINNESOTA PUBLIC UTILITIES COMMISSION, Respondent,

Minnesota Department of Public Services, Appellant (CX–82–1466, C1–82–1467),

Office of Consumer Services, Respondent,

Minnesota Senior Federation, Respondent,

United Handicapped Federation, Respondent,

Minnesota Department of Administration, Respondent,

Range Association of Municipalities and Schools, Respondent

General Services Administration, Respondent,

Evan J. Henry, Appellant (C4–82–1480),

Minnesota Public Interest Research Group, Respondent,

Minnesota Citizens Organization Acting Together, Respondent,

County of Ramsey, Respondent,

Metro Deaf Senior Citizens, Inc., Respondent.

Nos. C4–82–1401, C4–82–1432, C6–82–1433, C8–82–1434, CX–82–1435, C5–82–1441, C7–82–1442, C9–82–1443, CX–82–1466, C1–82–1467 and C4–82–1480.

Supreme Court of Minnesota.

March 16, 1984.

Joseph A. Maun, James Gallagher, St. Paul, Keith E. McClintock, N.W. Bell Telephone Co., Minneapolis, for Northwestern Bell Telephone Co.

Tom Foley, County Atty., Robert A. Plesha, Asst. County Atty., St. Paul, for appellant County of Ramsey.

Richard S. Slowes, Sp. Asst. Atty. Gen., St. Paul, for appellant Dept. of Admin.

Michael E. McGuire, Minneapolis, for appellant Minn. Business Utility Users Council and Pickwick Int'l Inc.

Thomas J. Stearns, St. Paul, for appellant City of St. Paul.

Jean E. Heilman, Asst. Atty. Gen., St. Paul, for Minn. Dept. of Public Services.

Evan J. Henry, pro se.

Karl W. Sonneman and James T. Jarvis, Asst. Atty. Gens., St. Paul, for Minn. Public Utilities Com'n.

Craig R. Anderson, Asst. Atty. Gen., St. Paul, for Office of Consumer Services.

Margaret R. Thomas, Executive Director, Metro Deaf Senior Citizens, St. Paul, for respondent Metro Deaf Sr. Citizens.

SIMONETT, Justice.

The Minnesota Public Utilities Commission issued orders in this telephone rate proceeding, and those dissatisfied with the orders then perfected appeals and notices of appearance in those appeals to the Ramsey County District Court under Minn.Stat. § 237.25 (1980). The district court dismissed the appeals and appearances with prejudice on the grounds that judicial review should have been sought under the appeal procedures of the Administrative Procedure Act, Minn.Stat. ch. 14 (1982). We reverse, holding that judicial review in telephone rate cases may be under either Minn.Stat. § 237.25 or § 14.63 (1982) (formerly § 15.0424, subd. 1 (1980)).

Chapter 237 deals with telephone and telegraph companies. Section 237.25 (1982) provides: "Any party to a proceeding before the commission or the attorney general may make and perfect an appeal from such order as provided in sections 216.24 and 216.25." When appellants took their appeals to district court in April through June of 1982, they proceeded under this statute, filing notices of appeal identifying the orders appealed from, and serving copies on the parties of record and on the Commission as required by section 216.24. Of those appealing, five were parties who had participated in the agency proceedings.[1] In addition, three other persons who had not been parties in the agency proceeding also appealed.[2] Notices of appearance were also filed in some of these appeals.

By orders dated September 29 and September 30, 1982, the district court dismissed with prejudice all of the appeals, except those filed by the City of St. Paul. The district court held that the Administrative Procedure Act, specifically section 14.-63 (1982), provided the exclusive means for obtaining judicial review of the commission orders; that the form, service, or filing of the various notices of appeal did not comply with section 14.63, nor was it permissible to allow the notices to be amended to comply; and that, therefore, the district court did not have jurisdiction to entertain the appeals. These dismissals are appealed to us.

## I.

Section 14.63 of the Administrative Procedure Act, as it read in 1982 at the

---

1. The party appellants are City of St. Paul, Evan J. Henry, Northwestern Bell Telephone Company, Department of Public Services, Office of Consumer Services, and the Department of Administration.

2. The nonparty appellants are Minnesota Business Utility Users Council, Pickwick International, Inc., and County of Ramsey.

time of these appeals to district court, and as it now reads, provides:

> Any person aggrieved by a final decision in a contested case is entitled to judicial review of the decision under the provisions of sections 14.63 to 14.68, but nothing in sections 14.63 to 14.68 shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo provided by law now or hereafter enacted. * * *

Judicial review under this section is perfected by serving a "petition" personally or by certified mail on the agency and by filing the petition in the office of the clerk of district court. "The petition shall state the nature of the petitioner's interest, the facts showing the petitioner is aggrieved and is affected by the decision, and the ground or grounds upon which the petitioner contends that the decision should be reversed or modified." Minn.Stat. § 14.64 (1982).

The trial court reasoned that since the Administrative Procedure Act was enacted to unify the appeals procedure in administrative proceedings, *citing Minneapolis Van & Warehouse Co. v. St. Paul Terminal Warehouse Co.*, 288 Minn. 294, 180 N.W.2d 175 (1970), and since general provisions of the Act have been held to prevail over conflicting provisions in more specific statutes, *citing In re Northwestern Bell Telephone Co.*, 310 Minn. 146, 246 N.W.2d 28 (1976), that the Administrative Procedure Act, section 14.63, overrides section 237.25 and provides the *only* avenue of review in telephone rate cases. The district court observed that until 1980 the Public Utilities Commission was exempted from the appeal procedures in the Administrative Procedure Act, but that this exemption was deleted by Act of Apr. 24, 1980, ch. 615, § 19, 1980 Minn.Laws 1542, 1551 (codified at former Minn.Stat. § 15.0424 (1980)). This deletion, stated the trial court, demonstrated a legislative intent to make the appeal procedures of the Administrative Procedure Act exclusive.

We disagree. To adopt the trial court's reasoning would be to repeal, *sub silentio*, part of section 237.25. The fact is that the provision in section 237.25 for an appeal under the procedures of section 216.24 was not repealed by the legislature at the time the section 14.63 exemption was removed in 1980. Not until 1983 did the legislature amend section 237.25 to make chapter 14 the exclusive method of appealing from a commission order. *See* Act of June 1, 1983, ch. 247, § 100, 1983 Minn.Laws 852, 902–903.

Nor do we think the two statutory appeal procedures, as they read in 1982, were in irreconcilable conflict. "When a general provision in a law is in conflict with a special provision in the same or another law," says Minn.Stat. § 645.26, subd. 1 (1982), then our task is to see that "the two shall be construed, if possible, so that effect may be given to both." There is no reason why section 14.63 and section 237.25 may not be harmoniously construed to provide alternative methods for judicial review. Indeed, section 14.63 of the Administrative Procedure Act expressly states that "nothing in sections 14.63 to 14.68 shall be deemed to prevent resort to other means of review * * * provided by law * * *." *Minneapolis Van & Warehouse Co.* is not in point. There we held the scope of review standard of the Administrative Procedure Act superseded the scope of review set forth in the earlier-enacted section 216.25, because the two provisions, plainly, were in direct and irreconcilable conflict. No such conflict exists here.

We hold that section 14.63 of the Administrative Procedure Act and Minn.Stat. § 237.25 (1982) provided alternative procedures for obtaining judicial review in a telephone rate case. We hold, therefore, that the appeals taken by the five party appellants in the agency proceeding, as well as notices of appearance filed therein, should not have been dismissed, and we remand for reinstatement of these appeals.

## II.

■ A. A further question remains with respect to the appeals taken by Minnesota Business Utility Users Council, Pick-

wick International, Inc., and County of Ramsey, who were not parties to the agency proceedings. Minn.Stat. § 237.25 (1982) says, "*Any party to a proceeding* before the commission" may appeal. (Emphasis added.) These three appellants were not parties to the proceeding and, therefore, have no right to appeal under that statute.

Even if this is so, these three appellants argue that their notices of appeal under section 237.25 should be deemed to be sufficient petitions for review under the alternative means of review provided by section 14.63 of the Administrative Procedure Act. Section 14.63 does not restrict judicial review to parties who participated in the agency proceedings, but allows judicial review to "[a]ny person aggrieved." These appellants, claiming to be aggrieved persons, point out that their notices are in substantial compliance with section 14.63; that any deficiencies are harmless; and that no one is prejudiced thereby. Indeed, no party has made any objection concerning the manner of service or the form of any of the notices. The issue was raised, rather, by the trial court, sua sponte, at the pretrial conference.

We agree with appellants' position. The notices of appeal were timely and adequately served and in a form which, under the circumstances here, sufficiently apprised the other interested parties of the nature of the appeals. The appellants acted in good faith. We think it appropriate, therefore, that the appeals be allowed to the end that substantive rights may be preserved. *See Stebbins v. Friend, Crosby & Co.*, 191 Minn. 561, 564, 254 N.W. 818, 820 (1934). It might also be noted that section 14.63 expressly gives the district judge discretion to permit amendment of petitions after the deadline for service has passed.

We hold, therefore, that Minnesota Business Utility Users Council, Pickwick International, Inc., and County of Ramsey may, as aggrieved persons, obtain judicial review of the commission orders under section 14.-63 of the Administrative Procedure Act; that the notices of appeal filed by these three appellants are sufficient under the circumstances to qualify as petitions for review under section 14.63. Consequently, we reverse the dismissals as to these three appellants with instructions to reinstate their appeals.

■ B. Finally, we discuss the Henry appeal. Evan J. Henry, an accountant, participated in the agency proceedings as a party, and then, appearing pro se, sought to appeal the Commissioner's orders to district court by the petition for review procedure of section 14.63. The district court dismissed his appeal as defective and untimely. We affirm.

On April 19, 1982, Henry mailed his petition for review to the clerk of district court for filing, having already served a copy of the petition on the Commission and other parties. On April 20, the clerk wrote a note to Henry stating "we have received your petition," but adding, "[i]n order to file this petition," a $25 filing fee was needed. By return mail, Henry sent in the filing fee and the clerk stamped the petition "filed" as of April 22. The last day for filing the petition was, however, April 20. The trial court dismissed Henry's petition because it failed to include proof of service on other parties as required by section 14.64 and because it was filed 2 days late.

The clerk, in requiring payment of the fee before filing the petition, was properly following Minn.Stat. § 357.021, subd. 3 (1982), which provides that a clerk's fees must be paid in advance and that "said clerk shall not proceed in any matter requiring the payment of fees until the full amount of the same is paid." *See also* Minn.Stat. § 357.07 (1982) ("No civil action, appeal, or proceeding shall be entered with the clerk" until fees have been paid). Minn.Stat. § 14.63 provides that within the 30-day appeal period the petition "*must be filed* with the district court and served on the agency." (Emphasis added.) Clearly, in this instance, the Henry petition was not filed within the allotted time.

We believe the legislative intent is clear that the petition "must be filed" with the clerk to give jurisdictional validity to a petition for judicial review under section 14.63. The line has to be drawn somewhere, and this is where the legislature has drawn it. We affirm the district court's dismissal of the Henry petition as untimely.[3]

Reversed in part and affirmed in part.

WAHL, Justice (dissenting in part, concurring in part).

I respectfully dissent from that part of the majority opinion which affirms the dismissal of the appeal of Evan J. Henry. As with the notices of appeal of the three nonparties, Henry's notice of appeal was timely and adequately served upon the other interested parties in a form which sufficiently apprised those parties of the nature of the appeal. The notice of appeal was timely received by the clerk of district court. Minnesota Statutes § 216.25 (1982) does not say that the filing fee must also be received within the required 30-day appeal period in order for the notice of appeal to be "filed" by the person appealing. Henry sent the filing fee immediately upon being notified by the clerk of court. The clerk received the fee two days beyond the deadline and at that point stamped "filed" on the notice of appeal.

It is true that payment of fees is a required part of the filing process, but a minor delinquency in the payment of a fee does not necessarily justify a denial of jurisdiction. As we stated in *City of Minneapolis v. Wurtele*, 291 N.W.2d 386, 391 (Minn.1980), "the law does not mandate in all cases strict and literal compliance with all procedural requirements." Where, as here, the appellant erred in good faith, and where his error neither undermined the

purpose of the procedures nor prejudiced the rights of other parties to the appeal, it would be harsh to deny him jurisdiction for a minor delay in his payment of a fee. I would reverse this dismissal as well as the others and reinstate Henry's appeal.

YETKA, Justice (dissenting in part).

I join the dissent of Justice Wahl with respect to the Evan Henry appeal.

KELLEY, Justice (dissenting in part).

I join in the dissent of Justice Wahl with respect to the Henry appeal.

---

3. Appeals from agency decisions now go to the Court of Appeals. Minn.Stat. § 14.64 (Supp. 1983). The Minnesota Rules of Civil Appellate Procedure were revised effective August 1, 1983. Rule 125.01 provides, "Filing may be accomplished by mail addressed to the clerk of the appellate courts, but filing shall not be timely unless the papers are deposited in the mail

within the time fixed for filing." The comment to Rule 125.04 cautions that the clerk is not to file any paper unless and until the appropriate fee has been paid, citing Minn.Stat. § 357.08 (Supp.1983). It would seem essential, if counsel chooses to file by mail, that a check for the filing fee be enclosed.