John DOE, M.D., Respondent,

v.

**MINNESOTA STATE BOARD OF MEDICAL EXAMINERS,**
Appellant.

No. C9–87–1882.

Court of Appeals of Minnesota.

Feb. 16, 1988.
Review Granted April 15, 1988.

Marcy S. Wallace, McNulty & Wallace, St. Paul, for respondent.

Paul G. Zerby, Rory H. Foley, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and PARKER and LOMMEN, JJ.*

## OPINION

PARKER, Judge.

Respondent John Doe, M.D., commenced an action under Minn.Stat. § 13.08 (1986), seeking temporary and permanent injunctive relief against the State Board of Medical Examiners. He contended that release of the board's decision following a contested-case proceeding against him would violate the Minnesota Government Data Practices Act to the extent that it would make public information dealing with dismissed charges. After this court issued a writ of prohibition ordering a trial on the merits, the trial court granted a permanent injunction prohibiting the board from disclosing any information about the dismissed charges. The court held that this information was confidential under Minn.Stat. § 147.01, subd. 4 (Supp.1987). The board appeals; we reverse and remand.

## FACTS

The Board of Medical Examiners is a state agency responsible for issuing medical licenses and imposing discipline against physicians licensed in Minnesota. *See* Minn.Stat. §§ 147.03, .091 (1986). Pursuant to its authority, the board initiated disciplinary proceedings against Doe, who is licensed to practice medicine in Minnesota. A contested-case hearing was held before an administrative law judge (ALJ) to determine whether Doe's conduct had violated certain provisions of the Medical Practices Act (Minn.Stat. § 147.021, subd. 1 (renumbered section 147.091 (1986)). After issuing its findings of fact, conclusions and recommendations, the ALJ referred the matter to the board.

The board then issued its proposed decision. The eight board members unanimously agreed that the discipline committee had proved by a preponderance of the evidence that Doe had misprescribed benzodiazepines to one patient. For that charge,

it reprimanded him and ordered payment of a $1,000 fine.

The board made findings on Doe's conduct with respect to other allegations against him. Nevertheless, the board members were evenly split on whether that conduct was unethical or unprofessional. The board therefore dismissed the remaining charges with prejudice.

A day after the board issued its proposed decision, Doe sought temporary and permanent injunctive relief to prevent the board from classifying as public data any information relating to the dismissed charges. The trial court denied the temporary restraining order. This court, however, issued a writ of prohibition staying the board's release of its final decision and directing the trial court to set an expedited trial schedule for a decision on the merits of the permanent injunction.

After the hearing on the merits, the trial court issued a permanent injunction, but permitted the board to make public portions of its final decision related to the charge for which Doe was disciplined (i.e., misprescription of benzodiazepines). The trial court determined that in the context of a physician disciplinary proceeding, Minn. Stat. § 147.01, subd. 4(b) (Supp.1987), restricts what the board may classify as public data to the information specified in subdivision 4(b).

The board appeals, contending that its entire 73-page decision, including its findings of fact, conclusions, order, memoranda and appendix, is public data as a matter of law.

## ISSUES

1. Did the trial court have jurisdiction to enjoin the board from treating its decision as public data?

2. Is the board's final decision, including information related to dismissed charges of misconduct, public data?

3. Is either party entitled to attorney's fees?

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## DISCUSSION

### I

■ The board contends the trial court was without jurisdiction to issue the permanent injunction, because the court of appeals has "exclusive jurisdiction over state administrative agency decisions, superseding and divesting the jurisdiction of the district court."

Minn.Stat. § 480A.06, subd. 4 (1986), gives the court of appeals jurisdiction to review "the decisions of administrative agencies in contested cases as provided in sections 14.63 to 14.69" of the Administrative Procedures Act (APA). The APA entitles a person aggrieved by a final agency decision in a contested case to judicial review by writ of certiorari to the court of appeals. *L.K. v. Gregg*, 380 N.W.2d 145, 149 (Minn.Ct.App.1986). It provides:

> Any person aggrieved by a final decision in a contested case is entitled to judicial review of the decision under the provisions of sections 14.63 to 14.68, *but nothing in sections 14.63 to 14.68 shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo provided by law.*

Minn.Stat. § 14.63 (1986) (emphasis added).

Under a plain reading of section 14.63, Doe's right to judicial review of the board's decision did not prevent him from seeking alternative relief. *Cf. County of Ramsey v. Minnesota Public Utilities*, 345 N.W.2d 740, 743 (Minn.1984) (Minn.Stat. §§ 14.63 and 237.25 (1982) provide alternative procedures for obtaining judicial review in a telephone rate case). Section 14.63 explicitly refuses to limit an aggrieved person's resort to other means of redress.

Section 13.08, subd. 2 (1986), of the Minnesota Government Data Practices Act gives the *district court* jurisdiction to enjoin a state agency from violating the Act. Doe sought relief pursuant to that section, contending that release of the board's decision would violate the Act by releasing private data.

The board's argument that section 13.08 is inapplicable on its face is in error. The board is a state agency within the meaning of section 13.02, subd. 17 (1986). Therefore, the district court had jurisdiction to enjoin it for a threatened violation of the Act.

### II

The board argues that "final decisions" of the board are public as a matter of law and that the court erred in enjoining release of those parts of the findings of fact, conclusions of law, order, memoranda and attachments involving dismissed charges.

This case presents an issue of statutory interpretation, which is a question of law. *Can Manufacturers Institute, Inc. v. State*, 289 N.W.2d 416, 425 (Minn. 1979).

> The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions.

Minn.Stat. § 645.16 (1986).

We believe that the relevant statutes in this case may be read harmoniously and require the conclusion that the board's final decision, including information concerning dismissed charges, is public data.

Minn.Stat. § 13.41, subd. 4 (1986), governs classification of certain data collected or disseminated by a licensing agency, such as the board. *See* Minn.Stat. § 13.41, subd. 1 (1986). Section 13.41, subd. 4, provides in pertinent part:

> Licensing agency * * * findings of fact, conclusions of law and specification of the final disciplinary action contained in the record of the disciplinary action are classified as public, pursuant to section 13.02, subdivision 15. The entire record concerning the disciplinary proceeding is public data pursuant to section 13.02, subdivision 15, in those instances where there is a public hearing concerning the disciplinary action.

Public data within the meaning of this section is defined as "data which is accessible to the public in accordance with the provisions of section 13.03." Minn.Stat. § 13.02, subd. 15 (1986).

Section 13.03 presumes that all government data collected by a state agency, such as the board, is public and available for inspection by the public. *See* Minn.Stat. § 13.03, subds. 1, 3 (1986). Data with respect to individuals is not public, however, if it is classified by statute as "private or confidential." Minn.Stat. § 13.03, subd. 1 (1986).

A plain reading of section 147.01, subd. 4 (Supp.1987), supplies a statutory exception to the public data presumption of section 13.03. It also qualifies section 13.41 by making records of any disciplinary action or proceeding, except a "final decision," "confidential and privileged"[1] data. Section 147.01, subd. 4 (Supp. 1987), provides in relevant part:

Subject to the exceptions listed in this subdivision, all communications or information received by or disclosed to the board relating to any person or matter subject to its regulatory jurisdiction, and all records of any action or proceedings thereon, except a final decision of the board, are confidential and privileged and any disciplinary hearing shall be closed to the public.

\* \* \* \* \* \*

(b) If the board imposes disciplinary measures of any kind, the name and business address of the licensee, the nature of the misconduct, and the action taken by the board are public data.

Initially, we must consider what constitutes a "final decision," which is nowhere defined. "Final" in this context means not interlocutory. *See Blacks Law Dictionary* 567 (5th ed. 1979).

What constitutes a "decision" is determined by the board's own rules and by

APA section 14.62, subd. 1 (1986). Minn.R. 5615.1100 (1987) provides:

**5615.1100 FORM OF DECISION AND FINDINGS.**

Every decision and order adverse to a party to the proceeding shall be in writing and, except when such decision or order is made pursuant to stipulation with or the consent of the respondent, shall contain a statement of findings or reasons, a determination of the issues presented and the penalty, if any, or decision of the board.

Similarly, section 14.62, subd. 1 (1986), addressing the form of an agency decision following a contested-case hearing, as here, provides in pertinent part:

**Writing required.** Every decision and order rendered by an agency in a contested case shall be in writing, shall be based on the record and shall include the agency's findings of fact and conclusions on all material issues.

Reading these provisions together, we conclude that a "final decision" of the board is a non-interlocutory decision following a *contested-case hearing* and containing (1) a statement of findings or reasons, (2) a determination of the issues presented, and (3) the penalty, if any, or decision of the board. Additionally, a final decision shall include findings and conclusions on each contested issue whether or not discipline is imposed. This latter conclusion finds support in "the penalty, *if any*" language of the rule and the "on all material issues" language of the APA.

Having determined what constitutes a "final decision," we hold that the trial court erred in granting the permanent injunction and in sealing the board's final decision to the extent that it dealt with

---

1. We read "confidential" to mean "private data." Chapter 147 does not define "confidential" information. However, Minn.R. 1205.0200, subp. 3 (1987), states:

Data is not confidential if a state statute or federal law provides that the data is confidential, but the context of the statute or federal law, in which the term confidential appears, *reasonably indicates the data is accessible by the data subject* \* \* \*. In such cases, the proper classification of the data is private.

(Emphasis added).

Section 147.01, subd. 4, contemplates the disclosure of information to data subjects. *See* Minn.Stat. § 147.01, subd. 4 (Supp.1987) (final decisions, name of licensee and nature of misconduct, results of investigation provided to complainant). It therefore follows that the information termed "confidential" under section 147.01, subd. 4, is actually "private data" within the meaning of section 13.02, subd. 12 (1986).

dismissed charges. The board's final decision—including findings, conclusions and order related to dismissed charges—is public data under section 147.01, subd. 4 (1987). This holding is also supported by Minn. Stat. § 147.151 (1986), which requires the reviewing court to seal the administrative record upon judicial review, but not the board's final decision.

In 1985 the legislature amended chapter 147. *See* 1985 Minn. Laws ch. 247, §§ 3, 6, 18. Before the amendments, section 147.-01, subd. 4 (1984), read:

> **Disclosure.** All communications of information received by or disclosed to the board relating to any person or matter subject to its regulatory jurisdiction, and all records of any action or proceedings thereon, *except only a final decision* of the board, which shall state the specific reason therefor shall be confidential and privileged * * * and shall not be public records * * *.

(Emphasis added).

With the amendments the legislature deleted the word "only" before "final decision." Contemporaneously, it added subdivision 4(b), which classifies as public data a licensee's name and business address, the nature of the misconduct and action taken *if* the board imposes disciplinary action.

We believe that the purpose of these changes was to broaden public disclosure and make certain dispositions other than "final decisions" public data. Subdivision 4(b) now makes disciplinary action imposed without a contested-case hearing (e.g., by order or stipulation) public data. Before the amendments, orders and stipulations imposing discipline were not public data because, not resulting from contested case hearings, they were not final decisions. *See* Minn.Stat. § 147.01, subd. 4 (1984). Since the amendments, such orders and stipulations are public data, but only to the extent specified in subdivision 4(b).

That the amendments broaden public disclosure is buttressed by the addition of Minn.Stat. § 147.02, subd. 6 (1986), which provides:

> At least annually, the board shall publish and release to the public a description of all disciplinary measures taken by the board. The publication must include, for each disciplinary measure taken, the name and business address of the licensee, the nature of the misconduct, and the disciplinary measure taken by the board.

This subdivision indicates what disciplinary information the board *must publish.* What is public data under subdivision 4(b) is coextensive with what must be published under subdivision 6. When discipline is imposed without a contested case hearing (e.g., by order or stipulation), subdivision 6 defines the data that the board must publish. By contrast, subdivision 4(b) does not limit the elements of a "final decision" to be treated as public data.

Our analysis provides a harmonious interpretation of the various statutes and, unlike the trial court's interpretation, favors the public interest. *See* Minn.Stat. § 645.17(5) (1986); *see also Itasca County Board of Commissioners v. Olson,* 372 N.W.2d 804 (Minn.Ct.App.1985) (construing Open Meeting Law and the Government Data Practices Act to effectuate purpose of each and promote public interest).

The purpose of a board proceeding disciplining a physician is "to protect the public from dishonest, immoral, disreputable or incompetent practitioners." *See Padilla v. Minnesota State Board of Medical Examiners,* 382 N.W.2d 876, 887 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. Apr. 24, 1986). Disclosure of the board's final decision as defined here will serve a vital educational purpose. The findings and resulting conclusions contained in the final decision will provide concrete factual circumstances against which physicians may judge their conduct. In addition, as greater disclosure makes the public more aware of what constitutes minimum standards of acceptable and prevailing medical practice, the public will be able to recognize and avoid abuses by physicians.

We find it unnecessary to examine legislative history in this case, because the statutes are unambiguous. Such an examination is proper when "the words of a law are not explicit." *See* Minn.Stat. § 645.16(7) (1986).

## III

On September 23, 1987, Doe served notice of a motion renewing his request for attorney's fees which he had made at the permanent injunction hearing. The trial court had not ruled on his initial request. On September 25, 1987, the board filed its notice of appeal, depriving the trial court of jurisdiction to determine Doe's request. Doe filed a notice of review on the attorney's fees issue. Both parties have requested attorney's fees on appeal.

Doe claims his request for attorney's fees is based on Minn.Stat. § 13.08, subd. 4 (1986), which permits recovery of reasonable costs and attorney's fees incurred to compel compliance with the Data Practices Act. *Nelson v. Ninneman*, 373 N.W.2d 373, 377 (Minn.Ct.App.1985).

The board contends it is entitled to attorney's fees because Doe's action was brought in bad faith. *See* Minn.Stat. § 549.21, subd. 2 (1986).

We deny the parties attorney's fees on appeal. This case involved legitimate issues of considerable importance to the board, to the physician and to the public. Doe's position, while erroneous, was not fanciful or brought in bad faith. We remand for a determination of the attorney's fees issue, in light of this decision, on which the trial court lost jurisdiction.

## DECISION

The trial court had jurisdiction under Minn.Stat. § 13.08, subd. 2 (1986), to enjoin the board from violating the Data Practices Act. The board's final decision, as defined in this opinion, is public data despite its inclusion of information concerning dismissed charges. The trial court's permanent injunction is quashed. Neither party is entitled to attorney's fees on appeal, but a remand is necessary to determine whether attorney's fees for Doe's initial action are appropriate.

Reversed and remanded.